## A. G. WEBSTER

### *v.*

### CITY OF CHICAGO.

1. TAXATION—*city taxes and assessments—who must apply for judgment.* Under the fourth section of article nine of the constitution of 1870, a city collector is prohibited from making sales of real estate for the non-payment of taxes or special assessments, and, consequently, such officer is not authorized to apply for judgment. The application and sale must be made by some general officer having authority to receive State and county taxes.

APPEAL from the Superior Court of Cook County ; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. EDWARD ROBY, for the appellant.

Mr. M. F. TULEY, for the appellee.

Per CURIAM : At the March term of the Superior Court of

Cook County, in the year 1871, the collector of the city of Chicago having filed his report of unpaid taxes due upon the general tax warrant for city taxes, and given the notice required by law, application was made on behalf of the city of Chicago for judgment against the delinquent real estate mentioned in the tax list.

The court below gave judgment in favor of the city, and this case was brought here by appeal. The principal question presented in this court is, whether, in view of the fourth section of article nine of the new constitution, judgment could be rendered upon the report of the city collector, the legal effect of which is to authorize such collector to sell the real estate in question.

The fourth section of article nine is as follows : " The general assembly shall provide, in all cases where it may be necessary to sell real estate for the non-payment of taxes or special assessments, for State, county, municipal, or other purposes, that a return of such unpaid taxes or assessments shall be made to some general officer of the county having authority to receive State and county taxes ; and there shall be no sale of the said property for any of said taxes or assessments, but by said officer, upon the order or judgment of some court of record." Upon a very careful consideration of the question, we have arrived at the conclusion that the prohibition in the last clause of the section is self-executing, and can not be distinguished from other prohibitory clauses in the same instrument. Legislation is necessary to carry the provision of the section in respect to municipal taxes or assessments into effect. But the prohibition in the last clause was clearly intended to require such legislation by stopping all sales for such taxes or assessments until the requisite legislation should be provided. The judgment of the court below must, therefore, be reversed and the cause remanded.

It may not be improper to say that several cases upon the same general tax warrant, as well also upon divers warrants for special assessments, are before us upon appeals or writs of error, involving the same question, and in which full opinions

will be prepared and filed as soon as the business of the court will permit.

*Judgment reversed.*