## Angie P. Chamberlain

### v.

## St. Clair Sutherland et al.

1. Suit to establish title—Title under tax deed—Burden of proof.—In a suit to establish title, the defendant set up a claim under a tax deed. *Held*, that the complainant having shown a valid chain of title from the government, the burden of proof was upon the defendant to establish the validity of his title under the tax deed.

2. Proof of title under tax deed—What must be shown.—Under the "Burnt Record Act," no tax deed can be received as *prima facie* evidence of the regularity and legality of the proceedings under which it was issued; but the burden is upon the party claiming thereunder, to show affirmatively that each and all of the proceedings required by law in respect to assessment, levy, sale and deed of the lands affected, have been in all respects complied with, and no presumption can be indulged in favor of such deed or sale.

3. Injunction—Dismissal for want of prosecution—Res adjudicata.—Where a bill was filed for an injunction, a preliminary injunction granted, and the bill subsequently dismissed for want of prosecution, the final order of dismissal has none of the effect of *res adjudicata*, and, although the plaintiff in this suit may have been in privity with parties filing such a bill, to set aside the judgment and tax sale, and restrain the making of a deed, she is not estopped to question the validity of such tax sale in any other suit, nor does the order of court dismissing such injunction suit, affect the burden of proof under the statute in this case.

4. City collector—Power to sell abolished by the constitution.—The constitution of 1870 declares that the General Assembly shall provide for a sale of taxes by some general officer of the county having authority to receive state and county taxes, and there shall be no sale of lands for taxes but by such officer, upon the order or judgment of some court of record. This provision of the constitution abrogated the power of the collector of Chicago, under the charter of the city, to sell lands for taxes, and the sale under which defendant claims having been made by such collector after the constitution came into force, it is void, and conveyed no title.

Error to the Circuit Court of Cook county; the Hon. W. W. Farwell, Judge, presiding. Opinion filed November 5, 1879.

Messrs. Grant & Swift, for plaintiff in error; that the sale was void, because made in violation of the constitution, cited Constitution 1870, Art. IX, § 4; People, etc. v. Maynard, 14 Ill.

Chamberlain v. Sutherland. ·

419; Pierce v. Delemater, 1 Coms. 17; Sedgwick on Con. Law, 107; Hills v. Chicago, 60 Ill. 86; Otis v. Chicago, 62 Ill. 299; Webster v. Chicago, 62 Ill. 302.

Although the judgment was rendered in 1869, the sale after 1870 could only be made by the officer designated by law. The constitution of 1870 changed no rights, but only the method of procedure: Newkirk v. Chapron, 17 Ill. 352; Commonwealth v. Cochituate Bank, 3 Allen, 42; Storey v. Firman, 25 N. Y. 214; Cowkey v. Hart, 14 N. Y. 22; Johnson v. Semple, 31 Iowa, 49; Curtis v. Whitney, 13 Wall. 68; Little v. Gibson, 39 N. H. 505; Sedgwick on Con. Law, 614.

Defendants must show a strict compliance with the law, before the tax deed can be admitted as evidence: Wilson v. McKenna, 52 Ill. 43; Holbrook v. Fellows, 38 Ill. 440; Williams v. Underhill, 58 Ill. 137; Cunningham v. Springer, 88 Ill. 90.

An abstract of title made in the usual course of business prior to the destruction of the records by fire, is admissible in evidence: Rev. Stat. 805; Smith v. Stevens, 9 Chicago Legal News, 363; Richley v. Farrell, 69 Ill. 264; Robinson v. Ferguson, 78 Ill. 538.

Mr. A. C. STORY and Mr. L. J. J. NISSEN, for defendants in error; as to *res adjudicata*, cited Sutherland v. Phelps, 22 Ill. 91; McConnell v. Swailes, 2 Scam. 571; Young v. Mason, 3 Gilm. 55; Powell on Appellate Proceedings, 371.

An appeal suspends all proceedings upon the judgment appealed from: Long v. Hitchcock, 3 Ohio, 274; Bassett v. Daniels, 10 Ohio St. 617.

Where this fact appears from the record no plea is necessary: Kingsbury v. Buckner, 70 Ill. 514; Ogden v. Larrabee, 70 Ill. 510; Smith v. Wright, 71 Ill. 167.

An affirmance by the Supreme Court on appeal, of the judgment and order of sale against the lands, was also an affirmance of the direction to the city collector to sell, and it is not affected by the new constitution: Rev. Stat. 1874, 82; 2 Taylor on Ev. 1457; Henderson v. Henderson, 3 Hare, 115; Rogers v. Higgins, 57 Ill. 244; Briscoe v. Loyd, 64 Ill. 33; Hamilton v. Quimby, 46 Ill. 90; Aurora v. West, 7 Wall. 101; Hopkins v.

Lee, 6 Wheat. 113; Harris v. Harris, 36 Barb. 94; Parish v. Ferris, 2 Black, 606; Majorin v. Tyler, 40 Mo. 406.

The judgment is binding alike upon parties and privies: Kelly v. Donlin, 70 Ill. 378; Kingsbury v. Buckner, 70 Ill. 514; Rising v. Carr, 70 Ill. 596; Sheldon v. Patterson, 55 Ill. 507; Peterson v. Neff, 80 Ill. 25; Johnson v. Van Kessler, 84 Ill. 315; Reed v. West, 70 Ill. 479.

An objection of the want of a precept cannot be made for the first time in this court: Cottingham v. Spinner, 88 Ill. 90.

Under the Burnt Record Act the court may give a decree for the better title without a cross-petition: Robinson v. Ferguson, 78 Ill. 538; Mulvey v. Gibbons, 87 Ill. 377.

As to the admissibility of abstracts of title as evidence: Rev. Stat. 1877, Chap. 117, § 29; Russell v. Mandell, 73 Ill. 136.

The power of attorney was not properly acknowledged, and it was error to admit the deed in evidence: Rev. Stat. 275.

A certificate of evidence which gives the clerk a discretion as to what is to be inserted, is a nullity: L. S. & M. S. R. R. Co. v. McMillan, 84 Ill. 211; St. L. A. & T. H. R. R. Co. v. Dorsey, 68 Ill. 326; Drew v. Beall, 62 Ill. 164.

A motion to strike out may be made at any time before the party joins in or assigns error: Bates v. Ball, 72 Ill. 108; Rule 15 Appellate Court.

McALLISTER, J.    This was a petition by plaintiff in error, in the court below, filed March, 1877, under the Burnt Records Act (R. S. 1874, p. 833), for the confirmation of her title in fee to lot 5, block 23, Carpenter's addition to Chicago, the petitioner showing a complete chain of title from the government to herself.    The court in its decree found the allegations of the petition in this behalf sustained by the proofs; but also finding that a tax-title, set up by the defendant, Sutherland, was valid and superior, the prayer of the petitioner was denied. Upon this decree the petitioner brought error to this court.

If this tax-title was affirmatively shown to be valid, then it manifestly was superior to plaintiff's title.    But was it so shown?  The basis of it was a judgment of the Superior Court, at its March term, 1869, on the application of the then collector of

Chamberlain v. Sutherland.

the city of Chicago for judgment against this parcel, with divers other parcels of land, as delinquent for city taxes of 1868. Judgment rendered, and the parcels of land included in the collector's report (this parcel being one), were severally ordered to be sold, as the law directs. It appears that the record in this case was taken to the Supreme Court by writ of error, where, at the September term, 1870, of that court, the judgment was affirmed, and the mandate of that court was filed in the court below; that afterwards, the same having been advertised for sale, the land in question was sold August 14, 1871, by the then collector of the city of Chicago, at which sale John Forsythe became purchaser; and he having obtained a tax deed under said sale, afterwards conveyed the same to Sutherland, who leased to Garrick for a number of years. The record of said tax proceeding having been destroyed by the fire in Chicago, Oct. 8 and 9, 1871, the defendants gave in evidence a certified copy of a portion of the record taken to the Supreme Court, as aforesaid. Section 23 of the act under which this petition was filed declares "that no tax deed or certificate of tax sale based on any proceedings, the record of which shall appear to have been destroyed, as aforesaid, shall be received in any of the courts of this State as *prima facie* evidence of the regularity of such proceedings, but the burden of proof shall be upon the person claiming under such deed or certificate to show the regularity and legality of all such proceedings; in order to sustain the validity of any tax deed or sale for any tax or taxes, assessment or assessments, in any county to which the provisions of this act are applicable, in any suit or proceeding whatever, it shall be necessary for the party relying upon any such deed or sale to show affirmatively that each and all of the provisions of the law in respect to assessment, levy, sale and deed of the lands affected or to be affected by any such deed or sale, as aforesaid, have been in all respects complied with; and no presumption shall be indulged in favor of any such tax deed or sale; and it shall not be sufficient to show a collector's report, notice or judgment, order of sale, sale notice, notice of sale, tax affidavit and deed, anything in this law, or any other law of this State to the contrary notwithstanding."

Tested by the stringent provisions of this statute, which are applicable, the evidence in support of the alleged tax title is radically deficient. It consists (1) of a certified copy of portions of the transcript in the Supreme Court of the record of judgment of the Superior Court against the land in question for the non-payment of the city taxes for 1868, which included the city collector's report and application for judgment, certificate of printer as to publication of notices and the judgment; (2) evidence of the fact of sale by the city collector, Aug. 14, 1870, notice for deed, affidavit and tax deed, from none or all of which can any presumption, under the statute above quoted, be indulged in favor of such deed or sale. The burden was upon defendants to show by affirmative evidence compliance with the provisions of the charter in respect to the assessment, levy, sale and deed. There was none as to the assessment or levy of the tax, nor as to the process for sale provided for in section 17, Chap. 9, of the then charter of the city. Gary's Laws, page 90. For want of this evidence the alleged tax-title was not shown to be valid, even conceding that the city collector had authority to make the sale.

But counsel for defendants insist that they were relieved from the burden of proof imposed by the statute, because persons, with one of whom plaintiff is in privity, after the tax sale and before the deed was made, filed a bill in the Superior Court to set aside the judgment and tax sale, and to restrain the making the deed, to which defendants were a party, and that a temporary injunction was granted. The bill in that case was dismissed for want of prosecution, so that the final order in it had none of the effect of *res adjudicata*, and they are compelled to rely solely upon the effect of the temporary injunction. No such effect as they ascribe to it follows from any general principle of equity jurisprudence. It is true that the statute, under the head of "Injunctions" contains this provision: "Every injunction, when granted, shall operate as a release of all errors in the proceedings at law that are prayed to be enjoined." The only effect of that is, if an appeal be taken or writ of error sued out, in the same case, and errors assigned, the granting of the injunction may be pleaded as a

Chamberlain v. Sutherland.

constructive release of such errors.    It would be a perversion of that statute to hold that if the injunction were once granted, but dissolved by reason of the court dismissing the suit for want of prosecution, the fact of such injunction would operate as *res judicata*, and bar the right to call the validity of such proceeding in question in any other suit in equity, or affect the burden of proof under the provisions of the statute first above quoted.

But there is another and vital objection to the tax-title in question, which affirmatively appeared, viz: that the sale was made by the city collector of the city of Chicago, August 14, 1871, more than a year after the constitution of 1870 went into force.

Sec. 4, Art. 9 of that instrument provides: "The General Assembly shall provide, in all cases where it may be necessary to sell real estate for the non-payment of taxes or special assessments for State, county, municipal, or other purposes, that a return of such unpaid taxes or assessment shall be made to some general officer of the county having authority to receive State and county taxes, *and there shall be no sale of the said property for any of said taxes or assessments but by said officer*, upon the order or judgment of some court of record."

In Hills v. Chicago, 60 Ill. 86, and Webster v. same, 62 Ill. 302, the effect of the above provision was directly involved and decided.    It was held that the prohibition in the last clause was self-executing; that its effect began with the life of the Constitution and annulled all laws conferring power upon officers other than the county officer described, to sell real estate for the non-payment of any taxes or special assessments.

In these cases the authority of the very officer, that is, the city collector of Chicago, whose act is involved in this present case, was in question; and it was held that those provisions of the city charter of Chicago before existing and authorizing the city collector to sell real estate for the non-payment of taxes, etc., were affected by the above constitutional prohibition in the same manner and degree as if they had been passed subsequent to the adoption of the constitution; that is, they were rendered null and void.    This being so, and the same constitution

remaining in force, whence can the power be derived as to any department of government under that constitution to rehabilitate such city collector with an authority of which he had been so effectually divested, and its exercise barred by a perpetual prohibition by the supreme law of the State? The ingenuity of counsel suggests this escape: They say the judgment against this land for the taxes of 1868 was affirmed by the Supreme Court at its September term, 1870, after the constitution was adopted; and that, therefore, that court affirmed the right of the city collector to sell under that judgment; and as to that case, the constitutional question of the collector's authority to sell was necessarily decided in favor of the right, and the matter is *res judicata*. That case is referred to as Dunham et al. v. City of Chicago, 55 Ill. 357. Of course no such question was passed upon; and from the established rules as to the purpose of a writ of error, and the practice thereunder, no such question could be involved. The purpose of a writ of error, as every experienced lawyer knows, is to enable the court to examine the record upon which a judgment has been rendered, and affirm or reverse it. Starbird v. Eaton, 42 Maine R. 569. The errors assigned must appear affirmatively by the record, by which alone, if errors of law, can they be determined. It follows, logically, from these propositions, which are incontrovertible, that the appellate court, in determining whether to reverse or affirm, must take the matters as they appear in the record, and apply to them the law as it existed at the time the judgment sought to be reviewed was rendered. That rule was applied in the case of Knight v. Begole, 56 Ill. 122.

When the judgment was rendered at the March term, 1869, of the Superior Court, and the term lapsed, the record was closed and completed, except as to amendments of mere form and of course. The Constitution did not go into effect until more than a year after that time. Then if the errors assigned in that case must have been upon and affirmatively appear by that record, how is it possible that the constitutional provision in question, which became operative more than a year after that record was closed and completed, could be drawn in question in that case? The propriety of the rulings of the court

below in that case could only be tested by the facts of record, and the law as existing at the time the judgment below was rendered. The order of sale was that the several parcels of land be sold as the law directs. When the sale was made by the city collector, August 14, 1871, the supreme law of the State declared that it should not be made by him; and it had, the year before that, nullified the very statute under which he purports to act.

The decree of the court below will be reversed and the cause remanded, with directions to the court below to enter a decree in favor of the plaintiff in error, confirming title in her to the premises in question, pursuant to the prayer of her petition.

Reversed and remanded.