BALTIMORE & O. R. CO. v. PARRETTE et al.

(Circuit Court, S. D. Ohio, E. D. March 10, 1893.)

No. 622.

1. EMINENT DOMAIN—PARTIES—RIGHTS OF LESSEE.
   A judgment condemning lands for public use does not affect a lessee's right of possession when he is not made a party.

2. RES JUDICATA—SUITS AT LAW AND IN EQUITY.
   Where a lessee who was not made a party to condemnation proceedings brings suit to enjoin a city from opening a street through the leased premises, a decree finding that the equities are with the defendant, and dismissing the bill, does not bar the lessee from maintaining a subsequent action at law to assert his legal right of possession.

At Law. Action of ejectment by the Baltimore & Ohio Railroad Company against Thomas F. Parrette and others. Judgment for plaintiff.

J. H. Collins, for complainant.
Joseph Hidy and Ace Gregg, for respondents.

SAGE, District Judge. This is an action in ejectment against Thomas F. Parrette, Lewis C. Mallow, and Henry Fulton, commissioners of Fayette county, Ohio, and against Addison Hays & N. B. Hall, partners as Hays & Hall, to recover possession of a strip of land 28 feet wide and 50 feet long, on the southwest side of the complainant's main track, a short distance northeast of its passenger depot at Washington court house, Fayette county, Ohio. The petition was filed on the 23d day of August, 1892. It sets forth that the defendants, on or about the 14th day of August, 1892, in the night season, entered upon said strip of land, and erected thereon a wooden structure of trestles, sills, flooring boards, and other material of similar character; that said entry was unlawful, wrongful, and without any right or title; and that they had remained in possession and were in possession thereof. The plaintiff, setting up its own title and right of posseession, prays for judgment.

The defendants deny the complainant's ownership, and its right to the exclusive possession of said property, or that they have remained in possession of said premises ever since the 14th day of August, 1892, or that they were in the possession of the same on the 23d day of August, 1892, or have been at any time since that date, or that they have kept plaintiff out of possession. They admit that the plaintiff has a limited and qualified ownership in the premises, and that the defendants, on the 14th day of August, 1892, entered upon the same, and erected thereon a bridge across Paint creek; but they deny that the entry was unlawful or wrongful, and assert their full right to do what they did do. They further

answer that said premises lie within the limits of a public street in the city of Washington, Ohio, known as "Millikan Avenue," and are part of said street, over which said city has a right to exercise all the dominion and control vested in municipal corporations in Ohio over public streets. They admit that the plaintiff was and is entitled to use said premises, jointly with the public use thereof as a street, for the purpose of operating its railroad; but they say that the plaintiff has in fact never made any use thereof for that or any other purpose, but that said premises lie almost wholly within the channel of a natural water course known as "Paint Creek." They further say that the defendants Parrette and others, commissioners of Fayette county, in their official capacity, did, before the 14th of August, 1892, upon the request and petition of citizens of said city and of its council, let to the defendants Hall & Hays a contract for the erection of a bridge over Paint creek, within the limits of said avenue, and that the defendants Hall & Hays, in pursuance of said contract, on or about the 14th day of August, 1892, entered upon said premises, and erected said bridge, which is the structure complained of in the plaintiff's petition; that the same was constructed expeditiously, and without any interference with the plaintiff in the use of its tracks or grounds; and that, as soon as the same was completed, possession thereof was surrendered by the defendants to said city, and the defendants have never since been in possession thereof.

For a second defense, they set up that said Millikan avenue was, by ordinance duly passed by said council in December, 1889, established and ordered to be opened upon and over the premises described in the plaintiff's petition; and that on the 19th of January, 1890, in pursuance of provisions of said ordinance, said city caused proceedings to be instituted in the probate court of Fayette county, Ohio, to appropriate said premises for the purpose of opening and establishing said avenue, and to assess the compensation and damages for said appropriation. Said proceedings were instituted against the Columbus & Cincinnati Midland Railroad Company, to whom it is averred said premises then belonged; and that on the 21st of January, 1890, a jury was impaneled in said court to assess the compensation and damages for said appropriation, and that it proceeded to do so, and reported to said court its assessment, which was by said court approved and confirmed, and it was ordered that, upon the deposit by said city of the amount thereof, said Columbus & Cincinnati Midland Railroad Company should surrender quiet possession of said premises, and of other premises embraced in said proceedings, to said city; and that said deposit was made by said city, and said city proceeded to take and hold possession of said property pursuant to the order of court. On the 1st of February, 1890, said Columbus & Cincinnati Midland Railroad Company gave bond as required by law, and appealed said proceedings to the court of common pleas of Fayette county, Ohio. Afterwards, on the 26th day of May, 1890, the plaintiff herein, then, as now, claiming to be the owner of said premises, filed its petition in the court of common pleas of Fayette county, Ohio, against said city, alleging, among

other things, that said Baltimore & Ohio Railroad Company was the owner and in actual possession of said premises, including those described in the petition in this case, on and after the 1st day of January, 1890, and that it was not a party to said proceedings to appropriate said property, nor bound by the same; that said city was proceeding to take possession of said premises for the purpose of opening and establishing said avenue across and over the tracks and yards owned and occupied by said Baltimore & Ohio Railroad Company. The prayer of the petition was for an injunction to prohibit its so doing, or interfering in any way with the use of the same by said railroad company. Said city, by its answer, denied the possession and the title of said Baltimore & Ohio Railroad Company, and claimed the right, by virtue of the proceedings aforesaid in the probate court, to take possession of, use, and occupy said premises for the purpose of opening and establishing said street. At the April term, 1892, of said court of common pleas said cause came on to be heard, and said court then rendered its judgment against the said Baltimore & Ohio Railroad Company, which judgment is in full force unreversed and unmodified; and the defendants say that the right of the public to use said premises as a public highway, and the title of said city of Washington to said premises, and its right to the possession, the dominion, and control thereof as a public street, was fully adjudicated and determined in that action, and that the entry by the defendants on the premises described in the petition was made at the request of said city, and in assisting in opening and fitting said street for public use, and it was for that temporary purpose merely, and that defendants do not claim, and never have claimed, title in or right to the possession of said premises, as against said city or the plaintiff, except the rights enjoyed by the public in the same as a public street.

The plaintiff, by its reply, put in issue every averment of new matter in the answer contained. It appears as matter of fact that the defendants were in possession of the premises described in the petition when the petition was filed, and for a short time afterwards, but that they then turned the premises over to the city of Washington, and have not since been in possession.

The Baltimore & Ohio Railroad Company was, at the time when the proceedings for the appropriation of said premises were instituted by the city of Washington, and has ever since been, the owner of a perpetual lease of said premises, executed and delivered by the Columbus & Cincinnati Midland Railroad Company to the Central Ohio Railroad Company, and assigned by that company to the plaintiff. The plaintiff's right and title was not in any way affected by the appropriation proceedings against the Midland Company, and it was therefore, when this suit was instituted, entitled to the possession, unless the court of common pleas of Fayette county, by its decree in the injunction case, referred to in the answer, adjudicated the right of the public to use said premises as a highway, and confirmed the title of said city of Washington thereto, and its rights to the possession and control thereof. The record in that case was introduced in evidence. The proceeding was under the

Ohio Code. The only prayer of the petition was that the city be enjoined from proceeding to open or occupy said premises as a street, or in any way interfering with the use of the same by the plaintiff, and that, upon final hearing, the injunction might be made perpetual. The decree of the court was that the equity of the case was with the defendant, and that the petition be, and the same was, dismissed, and the temporary injunction allowed in the case dissolved. An appeal was taken to the circuit court, where the plaintiff moved to dismiss the action without prejudice to a new action, but the court overruled the motion. On the same day counsel for the plaintiff announced in open court that the plaintiff refused to further prosecute the action, and thereupon, on motion of the defendant, the appeal was dismissed for want of prosecution, and the case remanded to the court of common pleas for execution. From that judgment of the circuit court the plaintiff instituted proceedings in error in the supreme court of Ohio, but it does not appear that any bond was filed or supersedeas granted. However they may have been, the judgment of the court upon the application for an injunction is no bar to the prosecution by plaintiff of its legal right to the possession of said premises. It was held in Chamberlain v. Sutherland, 4 Ill. App. 494, where an interlocutory injunction had been allowed, but the bill was afterwards dismissed for want of prosecution, that the final order of dismissal did not operate as res judicata upon the questions involved. In this case there was a decree of dismissal by the court of common pleas upon the hearing, and the dismissal of the appeal by the circuit court left the judgment of the court below in full force, with the mandate of the circuit court to carry it into effect; but the decree related only to the equities of the parties, and created no estoppel whatever against the assertion of its legal rights by the Baltimore & Ohio Railroad Company.

The judgment in this case must be for the plaintiff; but as the defendants have, since the petition was filed, left the premises, and are no longer in possession, the judgment will be only for costs.