# WILLIAM O. HEACOCK *et al.*
## *v.*
## JOHN M. DURAND *et al.*

1. ASSIGNMENT FOR THE BENEFIT OF CREDITORS—*when fraudulent.* A clause in a voluntary assignment for the benefit of creditors, which authorizes the assignee to retain out of the trust fund " a reasonable and lawful compensation for his services as the lawyer, attorney, solicitor and counsel in the premises," is fraudulent in its character and will vitiate the assignment. The assignee cannot hold the two-fold character of assignee and attorney in such case.

2. CREDITORS' BILL—*whether there must be a judgment and execution thereon.* Before a creditor can sustain a bill to set aside an assignment by his debtor, alleged to be fraudulent, he must obtain judgment and sue out an execution which must be returned *nulla bona.*[*]

3. AMENDMENT *of bill in chancery—when discretionary.* Permitting a bill in chancery to be amended by striking out the names of a part of the complainants, after demurrer sustained to the bill, is wholly a matter of discretion in the court below.

APPEAL from the Superior Court of Chicago ; the Hon. JOHN M. WILSON, Chief Justice, presiding.

The opinion of the court contains a statement of the case.

Messrs. GARRISON & BLANCHARD, for the appellants.

A clause in a voluntary assignment by a debtor for the benefit of creditors, which provides that the assignee may retain out of the trust fund compensation as attorney and counsel in the premises, does not vitiate the assignment. *Meacham* v.

---

[*] For exceptions to this rule, see *Steere et al.* v. *Hoagland et al.*, 39 Ill. 264.

*Sternes et al.*, 9 Paige, 399; *Whitney* v. *Krows*, 11 Barr, 199; *Sackett* v. *Mansfield*, 26 Ill. 21; *Kellogg* v. *Slauson*, 1 Kernan, 302.

Mr. H. M. CHASE, for the appellees, among numerous authorities on the general question as to what such an assignment may properly contain, cited *Nichols* v. *McEwen*, 17 N. Y. 22, in which it is held that a clause, such as is mentioned above, renders the assignment fraudulent and void.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery, brought by the appellees against the appellants, for the purpose of setting aside, as fraudulent, a voluntary assignment made by the appellants, for the benefit of their creditors, some of whom were preferred. The court below held the assignment fraudulent, and made a decree setting it aside and appointing a receiver. The assignment contained a clause authorizing the assignee "first to pay and disburse all the just and reasonable costs, charges and expenses and commissions attending the due execution of these presents, and the carrying into effect the trusts herein created, together with a reasonable and lawful compensation or commission for his own services, both as assignee as aforesaid, and as the lawyer, attorney, solicitor and counsel in the premises." It is urged that this clause, authorizing the assignee to pay to himself, as attorney and counsel, such fees for his professional services as he should deem reasonable and lawful, tends to defraud the creditors and vitiates the assignment. The right of the assignee to retain reasonable commissions for the moneys he may collect and disburse cannot be questioned. That is a right conceded by the law in nearly all cases of trust. But, where the assignee is also an attorney, the attempt by the assignor to give him the power to pay to himself, as professional fees, such sums as he may deem proper for what he may choose to call professional services, tends so directly to the impairing of the fund and the injury of creditors, that it is impossible to offer a valid reason

in its support. Such a provision places the assignee in two inconsistent positions which he ought not to be permitted to occupy, for the same reason that a trustee ought not to be permitted to purchase at his own sale. If a third person were to be employed as counsel, the assignee would probably proceed to close up the assignment with as little litigation as possible. But, where the assignee is to pay fees to himself as counsel, a direct pecuniary inducement is offered to him to engage in useless litigation, and thereby impair the fund and delay the final settlement of the assignment. Not only that, but the assignee is placed under a constant temptation to consult himself in his capacity of attorney in the transaction of every piece of business connected with the trust. As assignee, he is a simple layman, and may not know the law, and he therefore constantly turns from himself as assignee to himself an attorney, and takes advice, and whenever he does so, he charges the fund a fee. Under this operation, its waste would probably be rapid. And it would not be easy to correct the evil by having his account restated in a court of chancery, as it would be very difficult to say how far his services had been rendered as assignee, and how far he had, in good faith, and from necessity, acted as attorney. In these remarks, we have no personal reference to the assignee in the present instance. He is an attorney of this court in good standing, and we do not suppose his conduct as assignee would have been other than just and fair. But it cannot be permitted to a failing debtor to confide a power of this character to an assignee, who is a person of his own selection, and thereby tempt him to constant infidelity to his trust. Instruments of this character are often made the means of fraud, and are not regarded in the courts with special favor.

This identical question was before the Court of Appeals of New York, in the case of *Nichols* v. *McEwen*, 17 N. Y. 22, and the court held that such a clause was fraudulent in its character and would vitiate the assignment. BOSWORTH, J., in giving his opinion, says, that to sanction such a clause " would establish a practice pregnant in many cases with the most mischievous consequences." DENIO, J., says, an insolvent debtor has

" no right to create such an expensive agency for the conversion of his property into money, and distributing it among his creditors. Besides being wrong in principle, it is calculated to lead to obvious abuses."

In the case of *Campbell* v. *Woolworth*, 24 N. Y. 305, the question was before the same court as to whether a clause giving the assignee a just and reasonable compensation for labor, time and services would avoid the assignment, and it was held it would not, as that meant merely legal commissions, and the court, referring to the foregoing case, point out the difference between commissions and counsel fees.

It is also urged by the plaintiff in error that the court below erred in permitting the bill to be amended by striking out the names of a part of the complainants after having sustained a demurrer to the original bill. This was wholly a matter of discretion with the Superior Court.

It is also urged by plaintiffs in error that the record does not show an execution issued on the judgment in favor of complainants and returned *nulla bona*. This is true. The cause was set for hearing on bill and answer. The answer admits the judgment but denies all knowledge of the execution. It was incumbent on the complainants to prove what was not admitted. *Nelson* v. *Pinegar*, 30 Ill. 473; *Dooley* v. *Stipp*, 26 id. 89. Before complainant can sustain a bill of this character he must obtain judgment, and sue out an execution which must be returned *nulla bona*. *Manchester* v. *McKee*, 4 Gilm. 511.

The decree recites the execution as admitted by the answer; but this is an error, as appears by reference to the answer in the record. For this defect in the proof, we must reverse the decree and remand the cause.

*Decree reversed.*