HENRY HARMS

*v.*

CHARLES F. JACOBS.

*Filed at Ottawa April 1, 1895.*

1. APPEALS AND ERRORS—*writ of error by one not a party when decree is rendered.* A defendant in a petition under the Burnt Records act, as to whom the suit is dismissed before decree, cannot prosecute a writ of error to reverse the decree, as he is not a party, and not bound.

2. BURNT RECORDS ACT—*suit under, is in equity.* A suit under the Burnt Records act is a suit in equity, and the rules governing courts of chancery apply so far as they are not inconsistent therewith.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. S. P. McCONNELL, Judge, presiding.

AUGUSTUS N. GAGE, for plaintiff in error.

ALBION CATE, for defendant in error.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court :

Defendant in error filed his petition, under the Burnt Records act, to establish his title to the south half of the north-east quarter of the north-east quarter of section 28, township 41, north, range 13, east of the third principal meridian, in Cook county, making plaintiff in error and a large number of others defendants. He answered, denying the allegations of the petition. The

other defendants, except Asahel Gage, who disclaimed, were defaulted. A replication to the answer of plaintiff in error was filed, and the cause referred to a master to take the proofs. March 31, 1894, on motion of complainant's solicitor, the suit was dismissed as to plaintiff in error, and no further steps were taken therein as against him. Afterwards, on the same day, a final decree was taken in favor of the complainant. To reverse that decree this writ of error is prosecuted, and defendant in error enters his motion to dismiss the same.

The ground of the motion is, that at the time the decree of the circuit court was rendered plaintiff in error was not a party to the suit, and therefore in no way affected or bound by it. The fact that the suit was dismissed as to him prior to the decree is not denied, neither is it pretended that he had filed a cross-bill to the action, or at any time asked leave of the court to do so. There is nothing in the record showing that he even resisted the motion of complainant's counsel to dismiss the cause as to him, or that he, at any time thereafter, asked to be re-instated as a party to the suit. When the decree was entered he was no more a party to the action than if he had never been named as a defendant. The decree was not against him, and has no more binding effect on him than it has upon any other third party. He cannot, therefore, maintain this writ of error. A person not a party to the original suit cannot prosecute a writ of error. (*Jones* v. *King*, 25 Ill. 334; *Pope* v. *North*, 33 id. 440.) It is also too well settled to call for the citation of authorities, that a party cannot complain of errors in a judicial proceeding which do not prejudice him.

We do not understand counsel for plaintiff in error to seriously contend that, if the original action had been a suit at law or an ordinary cause in chancery, he could, under the facts shown by this record, have any standing in this court. It seems to be thought, however, that a different rule should obtain in a proceeding under the

Burnt Records act. No good reason has been, or in our opinion can be, assigned for any such distinction. A suit under the Burnt Records act is a suit in equity, and the rules and regulations governing courts of chancery apply to the proceedings under the act, so far as they are not inconsistent therewith. *Gage* v. *DuPuy,* 127 Ill. 216; Rev. Stat. chap. 116, secs. 15, 16, pars. 15, 16, 27; 2 Starr & Curtis, 1996, 2001.

The writ of error will be dismissed.

*Writ dismissed.*