WINNIE BATES

*v.*

JULIA E. SKIDMORE.

*Opinion filed December 22, 1897.*

<table>
<tr><td>170</td><td>233</td></tr>
<tr><td>111a</td><td>1 92</td></tr>
<tr><td>170</td><td>233</td></tr>
<tr><td>114a</td><td>1134</td></tr>
<tr><td colspan="2">e114a1135</td></tr>
</table>

1. PRACTICE—*chancery—complainant may of right dismiss his bill
"without prejudice."*   The right of a complainant to dismiss his bill,
upon payment of costs before final decree, "without prejudice,"
does not depend upon the discretion of the court. (*Langlois* v. *Mat-
thiessen*, 155 Ill. 230, explained.)

2. SAME—*dismissal of a bill by complainant and dismissal "without
prejudice" have the same effect.*   The dismissal of a bill by the com-
plainant, on motion, before final decree, and the dismissal of the
bill "without prejudice," have the same effect, to the extent that

neither is a bar to a new proceeding for the same cause of action between the same parties.

3. SAME—*when refusal of court to dismiss complainant's bill "without prejudice" is reversible error.* The refusal of the court to allow complainant's motion to dismiss his bill "without prejudice," on payment of costs, after the cause had been referred to the master but before any testimony had been taken, is reversible error.

APPEAL from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

This is a bill in chancery, filed in the circuit court of Cook county on July 14, 1896, by the appellant, Winnie Bates, for the purpose of setting aside and canceling a deed of certain lots in LaGrange, Cook county, Illinois, executed on May 10, 1890, by George C. Skidmore, the father of appellant, in his lifetime, to appellee, Julia E. Skidmore, the wife of said George C. Skidmore. George C. Skidmore died intestate on April 15, 1895, leaving him surviving, as his only heirs-at-law, his daughter, the appellant, and his widow, the appellee. An answer was filed to the bill on December 9, 1896, by the appellee, the defendant below. On December 16, 1896, the cause was referred to one of the masters in chancery of the court to take proofs and report the same with his opinion on the law and the evidence. On January 12, 1897, the complainant below, appellant here, moved to dismiss her bill without prejudice at her own cost. This motion was denied by the court; thereupon the master received certain testimony, oral and documentary on the part of the defendant, and made a report to the court recommending a decree upon the issues involved in favor of the defendant below, the appellee here. No testimony whatever was introduced before the master by the complainant below. One of the solicitors of the complainant appeared before the master merely for the purpose of objecting to the taking of any proof or the hearing of any testimony, for the reason that the complainant had theretofore made a motion to dismiss the bill without prejudice at her own

cost. Objections were filed to the report of the master, which were ordered to stand as exceptions thereto. The court entered a decree, overruling the exceptions to the master's report, and confirming the same, and finding the equities in favor of the defendant below, and dismissing the bill for want of equity, with judgment for all the costs in favor of the defendant and against the complainant. The present appeal is prosecuted from the decree thus entered by the circuit court.

FIREBAUGH & DRAPER, for appellant.

GEORGE W. HALL, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The only question, which we deem it necessary to consider in this case, is whether or not the circuit court erred in overruling the motion, made by the complainant below, the appellant here, to dismiss the bill without prejudice at her own costs. It is assigned for error, that the circuit court erred in denying and overruling said motion. We are unable to see why said motion should not have been allowed.

It is true that, when the motion to dismiss was made on January 12, 1897, the cause had theretofore, to-wit: on December 16, 1896, been referred to a master; but no proof had been introduced, nor had any other steps of any kind been taken before the master, when the motion was made on January 12, 1897. This court has decided, that a complainant may dismiss his or her bill at any time before decree, when no cross-bill has been filed. (*Reilly* v. *Reilly*, 139 Ill. 180; *Langlois* v. *Matthiessen*, 155 id. 230).

It is not denied by the appellee, that, if this had been a mere motion to dismiss the bill, appellant would have been entitled to have it allowed. But it is said that this was a motion, not merely to dismiss the bill, but to dis-

miss it without prejudice. It is then contended, that it is within the discretion of the trial court to grant a motion to dismiss a bill in chancery without prejudice or to deny it; that the court was not bound to exercise its discretion in favor of a dismissal of the bill without prejudice, unless some good reason was given why it should be dismissed; and that, in the present case, as no such good reason was given, and as there was no abuse of its discretion by the court, the refusal to dismiss cannot be here insisted upon as error.

In *Reilly* v. *Reilly, supra,* it was said, that there were some cases, which hold that a chancellor has a discretion and may, in certain cases likely to work a hardship to a defendant, refuse to allow a complainant to dismiss his bill; but it was also there said, that such cases were not in harmony with the current of authority, and that we were not inclined to change the rule already adopted by this court, in order to follow such cases. In *Langlois* v. *Matthiessen, supra,* we sustained the action of the circuit court in dismissing a bill without prejudice upon motion of the complainant, although the cause had been heard upon the evidence as reported to the court by the master. In the case last mentioned, we said: "In the case at bar there had not, so far as the record discloses, been any determination of the rights of either party, and there is nothing in the record to show that there was any abuse of discretion by the trial court in permitting the bill to be dismissed without prejudice." It might naturally be inferred from this language that the right to dismiss without prejudice is a matter of discretion with the court; but it was not there intended to lay down any such general rule.

Where a bill is dismissed without any consideration of the merits, and before decree, even though the order of dismissal does not contain the words, "without prejudice," the judgment or decree of dismissal is not *res judicata,* and constitutes no bar to a new proceeding for the

same cause of action between the same parties; such termination of the suit leaves the parties as if no legal proceedings had been taken. (6 Ency. of Pl. & Pr. 986, 987; *Richards* v. *Lake Shore and Michigan Southern Railway Co.* 124 Ill. 516; *Chamberlain* v. *Sutherland*, 4 Ill. App. 494). The same is true where the order is, that the bill be dismissed "without prejudice." In other words, the dismissal of a bill by a complainant upon his own motion before the merits are considered, and the dismissal of such a bill by the complainant upon his own motion without prejudice, have the same effect to the extent that neither is a bar to a new proceeding for the same cause of action between the same parties.

In *Ray* v. *Adam*, 50 N. H. 84, which was a bill for divorce filed by a husband against his wife, and where an entry was made that the suit was "dismissed without prejudice," those words were held to indicate that the bill was not dismissed upon the merits of the case, or because the equities were shown to be with the defendant. In *Kempton* v. *Burgess*, 136 Mass. 192, it was said: "It is a matter of course to permit a plaintiff to dismiss his bill at any time before hearing upon payment of the costs. * * * Such an order of dismissal is in the nature of a non-suit at law, and not a bar to another bill. * * * When a bill is dismissed upon the motion of the plaintiff, it is a safe and convenient practice, and we think it is our usual practice, to dismiss it without prejudice." This authority certainly holds, that a dismissal of a bill by a complainant at his own costs at any time before hearing is the same as a dismissal of it "without prejudice." In *Vaneman* v. *Fairbrother*, 7 Blackf. 541, where a complainant in chancery moved the court to dismiss the bill "without prejudice," and the court refused so to dismiss the bill, but dismissed it "with prejudice," it was held that the dismissal would be no bar to another suit for the same cause; and it was there said, in the opinion deciding the case: "Had the order of dismission contained the words,

'without prejudice,' as desired by the complainant, it would have afforded no more security to his rights than it would without them; and the insertion of the words 'with prejudice,' as insisted on by the court, does not render the order of dismission peremptory, like a decree of dismission on the merits. Either set of words is unmeaning in an order of dismissal on the motion of the complainant without a final hearing, as it would have been, had the cause been dismissed on motion of the defendants for want of prosecution." (1 Beach's Modern Eq. Pr. secs. 450, 463).

Under the view thus presented, it would appear that a complainant would have the same right to dismiss his bill "without prejudice" at his own cost before a hearing, as to dismiss it at his own cost before a hearing without stating in the order that it was so dismissed "without prejudice." If this rule is to prevail, it certainly was error in the court below not to grant the complainant's motion to dismiss her bill without prejudice under the circumstances.

But it is true that some authorities hold, that the propriety of permitting a complainant to dismiss his bill without prejudice rests in the sound discretion of the court. *(Connor* v. *Drake,* 1 Ohio St. 170; Adams' Eq. p. 375, note 2; *Chicago and Alton Railroad Co.* v. *Union Rolling Mill Co.* 109 U. S. 702). But where it is a matter of the discretion of the court, such discretion must be a sound legal discretion, and must be exercised with reference to the rights of both parties. Beach, in the first volume of his work on Modern Equity Practice, at section 450, says: "It is very clear from an examination of the authorities, English and American, that the right of a complainant to dismiss his bill without prejudice on payment of the costs, is of course, except in certain cases." One of the exceptions is, that a court may refuse permission to dismiss a bill without prejudice, if such a dismissal would work a prejudice to the other party. It is not regarded as prejudice

to the defendant that the complainant dismisses his own bill, simply because the complainant may file another bill for the same matter. Another exception is, that such order of dismissal should not be made, where the defendant has been put to the trouble of making his defense. (1 Beach's Mod. Eq. sec. 450; *Bank* v. *Rose*, 1 Rich. (S. C.) Eq. 294; *Chicago and Alton Railroad Co.* v. *Union Rolling Mill Co. supra*).

In the case at bar, we are unable to discover that, if appellant's motion to dismiss had been granted at the time it was made, the appellee would have been prejudiced in any other way, than that she might be liable at some future time to become defendant to another bill of the same character. At the time when appellant's motion was made, appellee had not been put to any trouble in making her defense, nor at that time had it been made manifest that she was entitled to a decree in her favor. Therefore, even if the rule is to prevail that the granting or refusing of a complainant's motion to dismiss the bill at his or her own cost before a hearing is within the sound discretion of the court, we discover no reason upon the face of this record why such discretion should not have been exercised in favor of appellant's motion.

The costs in this case accruing up to the time of making the motion to dismiss, and including such motion, should be paid by the appellant; but all costs incurred subsequent to the refusal of the court to grant such motion should be paid by the appellee. With this direction as to the division and payment of the costs, the decree of the circuit court is reversed, and the cause is remanded to that court, with directions to dismiss appellant's bill without prejudice.                    *Reversed and remanded.*