CHARLES A. PALTZER

*v.*

MARTHA J. JOHNSTON, EXTX.

*Opinion filed December 22, 1904.*

PRACTICE—*right of party to dismiss bill before decree.* A direction by the chancellor to "let a decree be prepared dismissing the cross-bill for want of equity," does not deprive the cross-complainant of the right to have the cross-bill dismissed without prejudice before the decree is filed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

WILLIS SMITH, and HENRY L. WALLACE, (JAMES E. MUNROE, of counsel,) for appellant.

MASTERSON & HAFT, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

On the 17th day of March, 1898, the Illinois Trust and Savings Bank filed in the superior court of Cook county a bill to foreclose a trust deed, and in April of the same year one James Johnston, testator of appellee, filed a cross-bill to foreclose a second trust deed on the same real estate, which latter trust deed, and the note secured thereby, were signed by one Alexander McIntosh and Charles A. Paltzer, the appellant herein. Such proceedings were had under the original bill filed by the Illinois Trust and Savings Bank that a sale of the real estate was made, but the proceeds of the sale were not sufficient to pay the amount due under the first trust deed and a deficiency decree was entered therein. Said James Johnston having departed this life, the appellee ex-

ecutrix was substituted as party to the proceedings, and she, by leave of the court, filed an amended and supplemental cross-bill. Answers were filed thereto by said McIntosh and the appellant, and replications to the answers. Proofs were heard in the cause on behalf of the respective parties, and on the 30th day of January, 1903, the cause was submitted to the chancellor. On that day the chancellor proceeded, orally, to declare his findings from the evidence submitted, and concluded the oral deliverance by saying, "Let a decree be prepared dismissing the cross-bill for want of equity." No minute or memorandum was made by the chancellor or by the clerk of the court showing what the direction of the chancellor was, and no decree was prepared or entered in accordance with such oral direction of the chancellor. On February 3, 1903, being one of the days of the February term of said court, the cross-complainant moved the court to dismiss her amended and supplemental bill without prejudice. The hearing of said motion was continued to the fourth day of February and again continued to the fifth day of said month, on which day appellant presented a cross-motion, whereby he asked the court "to enter of record *nunc pro tunc* as of the 30th day of January, A. D. 1903, a final decree in this cause finding that the equities of this cause are with the defendants, and ordering that the amended and supplemental cross-bill of Martha J. Johnston, executrix of the last will and testament of James Johnston, deceased, be dismissed for want of equity, in accordance with the decision and findings of the court rendered and given on said 30th day of January, A. D. 1903, after hearing all the evidence offered by the parties, and in accordance with the order of the court on said last mentioned date to 'let a decree be prepared dismissing the cross-bill for want of equity.' " The chancellor, after having heard the arguments of counsel for the respective parties, granted the motion of the cross-complainant (appellee herein) and denied the cross-motion of the appellant, and thereupon entered a decree dismissing the cross-

bill of appellee without prejudice and at her cost. Upon an appeal to the Appellate Court for the First District the decree was affirmed, and this further appeal of the appellant brings the record before this court for review.

But a single question is presented, viz., whether the chancellor erred in denying the motion of appellant for the entry of a decree *nunc pro tunc* in accordance with the oral findings and directions for a decree and in granting the motion of the cross-complainant to dismiss her cross-bill.

Under the repeated decisions of this court we must hold the action of the chancellor was free from error. In *Hughs* v. *Washington,* 65 Ill. 245, this court said (p. 248) : "It is contended that inasmuch as the chancellor had heard the evidence and had announced what his decision would be, and had written out a statement of the grounds for the decision, it must be considered that the case was finally decided, and nothing remained but the formal matter of drawing and passing the decree. This is manifestly not the correct view of the question. * * * The decree is inchoate until it is approved by the chancellor and filed for record. * * * The mere oral announcement of the chancellor of his decision and the grounds upon which it is based, or the reducing them to writing, is no more than the minutes taken in the English practice. The whole matter is completely under the control of the chancellor until the final decree has been filed or recorded." The same doctrine is announced in *Purdy* v. *Henslee,* 97 Ill. 389, in which case the chancellor orally announced his conclusions after hearing the proofs of the parties, but before the final decree was entered the complainants asked leave to dismiss their bill, which was granted and the bill dismissed. It was there expressly held that the complainants had the legal right, under such circumstances, to dismiss their bill. This doctrine is also recognized in *Blair* v. *Reading,* 99 Ill. 600, *Gage* v. *Bailey,* 119 id. 539, and *Reilly* v. *Reilly,* 139 id. 180, it being said in the latter case (p. 184) : "It would therefore seem that, in this State at

least, the rule is well settled that where no cross-bill has been filed the complainant has the right, at any time before final decree, to dismiss his bill on payment of costs."

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*