*Cause transferred.*

---

ELIAS FISCHHEIMER, Plaintiff in Error, *vs.* ABRAHAM KUPERSMITH, Defendant in Error.

*Opinion filed April 19, 1913.*

1. PRACTICE—*complainant may dismiss bill before a decree, in absence of cross-bill.* If no cross-bill has been filed the complainant may dismiss his bill upon his own motion at any time before the entry of a final decree, and in such case the order dismissing the bill is not a bar to the filing of another bill.

2. SAME—*when order dismissing bill is not res judicata.* An order which recites that the court, "having heard the argument of counsel and being fully advised in the matter, the demurrer to the amended bill of complaint is hereby sustained and the above entitled cause dismissed on motion of complainant," shows, on its face, that the cause was dismissed by complainant before the entry of a final decree, and such order is not a bar to the filing of another bill.

3. SAME—*complainant may either amend bill or dismiss it upon the sustaining of a demurrer.* Upon the sustaining of a demurrer to a bill the complainant has the right to ask leave to amend the bill, or he may dismiss the bill in order to thereafter file another which he would be willing to stand by.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

JAMES H. STANSFIELD, for plaintiff in error.

SIMEON STRAUS, and IRA E. STRAUS, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Plaintiff in error, Elias Fischheimer, filed his bill of complaint in the circuit court of Cook county against the defendant in error, Abraham Kupersmith, seeking to have the defendant in error adjudged the holder, as trustee for plaintiff in error, of the legal title to an undivided one-sixth interest in certain real estate in Cook county and for a decree requiring defendant in error to convey the same to him by proper deed. Defendant in error first interposed a demurrer to the bill, but afterwards, by leave of court, withdrew the demurrer and filed a plea of *res judicata,* and the cause was set down for hearing upon the plea. Defendant in error, in support of his plea, offered in evidence the pleadings filed and order entered in a former suit in the said circuit court, showing that the plaintiff in error had theretofore filed a bill in the circuit court of Cook county against the defendant in error alleging the same facts and seeking the same relief as the bill to which the plea of *res judicata* was interposed; that the defendant in error demurred to the former bill after the same had been once amended, and that the hearing upon that demurrer resulted in the entry of the following order: "On motion of solicitor for defendant, this cause coming on to be heard and the court having heard the argument of counsel and being fully advised in the matter, the demurrer to the amended bill of complaint is hereby sustained and the above entitled cause dismissed on motion of complainant." Thereupon the court entered a decree sustaining the plea of *res judicata* and dismissing the bill. Plaintiff in error has sued out this writ of error to reverse that decree, and urges that the court should have overruled the plea of *res judicata* and required defendant in error to answer.

A complainant has the right to dismiss his bill, on his own motion, at any time before the entry of a final decree, provided no cross-bill has been filed, (*Reilly* v. *Reilly,* 139 Ill. 180; *Langlois* v. *Matthiessen,* 155 id. 230; *Paltzer* v. *Johnston,* 213 id. 338; *Pingrey* v. *Rulon,* 246 id. 109;) and such a dismissal, under the facts shown here, amounts to a dismissal without prejudice. (*Bates* v. *Skidmore,* 170 Ill. 233; *Williams* v. *Breitung,* 216 id. 299.) That the motion of complainant to dismiss his bill in the former suit was made before the entry of the final decree-is evident, as that decree recites the fact that the dismissal was based on such motion.

Defendant in error suggests that some efficacy should be given to the rulings of the court and that there should be a time when litigation must end. A complainant is not required, at his peril, to file his bill in the exact form he may wish it to stand for final decree. The rule as to amendments is liberal. Upon the sustaining of the demurrer to the bill in the former suit plaintiff in error had the right to ask leave to amend his bill, or to dismiss the same that he might thereafter file a bill that he would be willing to stand by. In either event, whether he asked for and obtained leave to amend or was allowed to dismiss that he might file a new bill, the result would be the same, as the defendant in error must meet the issues tendered by the amended bill or the new bill. The dismissal of the former bill on the motion of the complainant therein was not a bar to this proceeding.

The decree of the circuit court is reversed and the cause remanded, with directions to overrule the plea of former adjudication.

*Reversed and remanded, with directions.*