## J. H. Benjamin et al., Plaintiffs in Error, v. Manufacturers Terminal Company et al., Defendants in Error.

### Gen. No. 7,742.

1. APPEAL AND ERROR—*bill for specific performance of contract to transfer stock as not involving freehold.* A bill for the specific performance of a contract for the transfer of stock in a corporation which has title to land does not involve a freehold.

2. EQUITY—*right of voluntary dismissal without prejudice.* A complainant has the right at any time before final decree to dismiss his bill at his costs without prejudice, where no cross-bill has been filed.

3. EQUITY—*voluntary dismissal without prejudice after oral decision.* Although a chancellor hearing a cause has orally decided the same and has ordered a decree to be prepared dismissing a bill or a cross-bill for want of equity, the complainant in the original bill or in the cross-bill is not deprived of his right to dismiss his bill or his cross-bill without prejudice before the decree is filed.

4. EQUITY—*presumption on amending bill by omitting some complainants.* On amending a bill by omitting some of the complainants it will be presumed that they were omitted by consent, unless they, either in person or by counsel other than counsel filing the original bill, object to being omitted.

5. EQUITY—*nature of motion to set aside leave to file amended bill.* A motion by defendants to set aside leave granted plaintiffs to file an amended bill and to strike said bill from the files and to dismiss the cause for want of equity, amounts to a general demurrer.

6. EQUITY—*matters not affecting right of plaintiff to dismiss bill without prejudice.* The right of plaintiffs to dismiss their bill without prejudice is not affected by the fact whether or not it stated a cause for equitable relief, and whether or not is disclosed on its face a want of proper parties.

7. EQUITY—*dismissal of bill for want of equity after plaintiffs' motion to dismiss.* A court has no authority to dismiss a bill for want of equity after plaintiffs have entered a motion to dismiss their bill without prejudice.

8. EQUITY—*dismissal without prejudice of bill amended by omitting complainants against whom defendant has rights.* The fact that a bill for specific performance of a contract for the sale of stock is amended by omitting some complainants against whom the defendants have certain right, does not give defendants a right to complain of a voluntary dismissal of the amended bill without prejudice, where no cross-bill has been filed.

9. EQUITY—*amendment of bill by omitting a defendant as a dismissal.* The amendment of a bill by omitting one of the defendants as a party amounts to a dismissal of the proceeding as against that person.

10. APPEAL AND ERROR—*necessity of parties on review who were omitted from amended bill.* Where a bill is amended by omitting parties plaintiff and defendant and plaintiffs dismiss the bill without prejudice, on writ of error to review an order vacating leave to file an amended bill, striking the same from the files and dismissing the cause for want of equity, and an order denying a motion to vacate the order dismissing the bill for want of equity and to reinstate an order granting leave to dismiss the bill without prejudice, the Appellate Court is not without jurisdiction to consider the case for want of proper parties, where one of the omitted defendants had died prior to the amendment and his executrix who had been made a party as such was not served with process, and where all the parties affected by the ruling on the amended bill were parties to the proceeding, either as plaintiffs or defendants in error.

11. EQUITY—*purpose of dismissing bill without prejudice as not affecting the right.* The right of plaintiffs to dismiss their bill without prejudice is not affected by their purpose to institute further proceedings touching the matter in controversy.

12. EQUITY—*amended bill as leaving only one bill pending.* On the filing of an amended bill by leave, there are not two bills pending, as the amended bill is considered as the original bill.

13. EQUITY—*necessity that "without prejudice" should be stated in motion.* The court may on motion dismiss a bill without prejudice although the motion does state without prejudice.

Error by plaintiffs to the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the April term, 1927. Reversed and remanded with directions. Opinion filed December 15, 1927.

DENEEN, HEALY & LEE, CHARLES V. BARRETT and JOHN T. TYRRELL, for plaintiffs in error.

LESLIE A. NEEDHAM, for certain defendants in error.

MR. JUSTICE BOGGS delivered the opinion of the court.
On August 9, 1923, plaintiffs in error J. H. Benjamin and Harry W. Huttig, together with Frank R. Dennis, George Wilkins, John J. Daehler and Arthur Cameron,

filed a bill for specific performance in the circuit court of Lake county against defendants in error and H. V. Finkelstein and Lenore Finkelstein.

A general demurrer to said bill was filed by the defendants. On October 13, 1923, an order was entered, on motion of the complainant Cameron, dismissing the bill as to him for want of equity. On the same day, leave was granted to complainants in said bill to file an amended bill within ten days.

On October 22, 1923, plaintiffs in error alone filed an amended bill against defendants in error, Manufacturers Terminal Company, H. V. Finkelstein, William A. Rogan, Walter A. Stone, Mabel Hatton, John Gavin, Security Savings Bank of Waukegan, Illinois, and Theodore Durst, alleging among other things that the Manufacturers Terminal Company, whose principal place of business was at Waukegan, Illinois, owned certain improved real estate in said city, consisting of about 30 acres of land, with some 40 buildings thereon, adapted to and used for manufacturing purposes; that on March 25, 1922, H. V. Finkelstein was the owner and had possession of the entire capital stock of said company, consisting of 250 shares of the par value of $100 each, and that on said day the said Finkelstein entered into an agreement with plaintiff in error Benjamin for the sale of said stock to him, which contract or agreement was set out *in haec verba*. Said amended bill alleged performance on the part of said Benjamin, and prayed that the defendant "H. V. Finkelstein be ordered and required to transfer and convey to your orator all of his right, title and interest in and to said 250 shares of the capital stock of the Manufacturers' Terminal Company, and that the said Walter A. Stone, John Gavin and Mabel Hatton, be ordered and directed by decree of this Court to transfer, assign and deliver to your orators the certificates for 250 shares of the capital stock of the Manufacturers' Terminal Company," etc.

On November 3, 1923, George Wilkin, one of the complainants in the original bill, filed a petition setting forth that he had not authorized anyone, as attorney or otherwise, to drop him from said proceedings; that in his judgment the equities of said cause were with the defendants to said bill, and authorized the court to adjudge said cause against him and in favor of said defendants.

On August 18, 1924, the death of H. V. Finkelstein was suggested, and an order was entered, granting leave to plaintiffs in error to make Lenore Finkelstein, his executrix, a party defendant, and summons was ordered to issue, as to her, returnable at the October term.    All other defendants were ruled to plead by September 24, 1924.

On October 18, 1924, on motion of the defendants, an order was entered, striking said amended bill from the files.   Thereupon, plaintiffs in error filed a petition for leave to file a second amended bill.   Objections were filed thereto.   The court, however, on October 29, 1924, entered an order granting leave to file such bill instanter.   On November 18, 1924, on motion of plaintiffs in error, said second amended bill was dismissed without prejudice.   On November 20, 1924, on motion of defendants in error, an order was entered by the court, vacating the leave to file said second amended bill, striking the same from the files, and dismissing said cause for want of equity.   Thereafter, and at the same term, plaintiffs in error made a motion to vacate the order dismissing said bill for want of equity, and to reinstate the order granting leave to them to dismiss said bill without prejudice, which motion was denied. To reverse said order and decree, this writ of error is prosecuted.

It is urged by counsel for defendants in error that the amended bill of plaintiffs in error puts in issue a freehold, and that this cause should be transferred to the Supreme Court.   The amended bill alleges that the title to the real estate described therein is in the Manu-

facturers Terminal Company, the stock of which is alleged to have been owned by H. V. Finkelstein. The bill seeks specific performance of the contract for the transfer of said stock, and not for a conveyance of the real estate owned by said corporation. A freehold therefore is not involved. *Nevitt v. Woodburn,* 175 Ill. 376–381; *Klein v. Independent Brewing Ass'n,* 231 Ill. 594–602; *People v. Dennett,* 276 Ill. 43–46; *Lennartz v. Boddie,* 304 Ill. 484–488.

Plaintiffs in error filed a petition in the trial court for a change of venue on account of the alleged prejudice of the trial judge. This petition was denied, and error was assigned thereon. In our view of this record, it will not be necessary for us to pass on this question.

It is a well-established principle of equity pleading that where no cross-bill has been filed, a complainant has the right, at any time before final decree, to dismiss his bill at his costs, without prejudice. *Mohler v. Wiltberger,* 74 Ill. 163–164; *Purdy v. Henslee,* 97 Ill. 389–392; *Blair v. Reading,* 99 Ill. 600–612, 613; *Reilly v. Reilly,* 139 Ill. 180–184; *Langlois v. Matthiessen,* 155 Ill. 230; *Bates v. Skidmore,* 170 Ill. 233–235, 236; *Paltzer v. Johnston,* 213 Ill. 338–339; *Whitaker v. Irons,* 300 Ill. 254. Even where the chancellor hearing a cause has orally decided the same and has ordered a decree to be prepared, dismissing a bill or cross-bill for want of equity, the complainant in the original bill or in a cross-bill is not deprived of his right to dismiss his bill or cross-bill without prejudice, before the decree is filed. *Hughs v. Washington,* 65 Ill. 245; *Purdy v. Henslee, supra,* 392; *Paltzer v. Johnston, supra,* 339; *Williams v. Breitung,* 216 Ill. 299–305, 307.

The practice in chancery in this State is the same as the English practice, under which the complainant retains the right to control the suit, and may dismiss it at his discretion at any time before decree actually entered. *Fischheimer v. Kupersmith,* 258 Ill. 392.

Counsel for defendants in error concede that as a general proposition the law is as above stated. Counsel contend, however, that these rules do not apply in this case, for the reason that there are parties omitted from the amended bill who, "claimed by assignment a fractional interest in common in the contract sought to be enforced, and against whom the defendants would have valuable rights as beneficial guarantees. It is equally beyond controversy that defendants H. V. Finkelstein and Lenore Finkelstein, who are alleged to be owners of the property affected, are omitted," and that the trial court was without jurisdiction to permit plaintiffs in error to dismiss their amended bill without prejudice, for want of proper parties. It is also insisted that this court is without jurisdiction to pass on the assignment of errors for want of proper parties; that said omitted complainants and H. V. Finkelstein and Lenore Finkelstein should have been made parties plaintiff or defendant to this writ of error in order to give this court jurisdiction to pass on the assignment of errors.

The record discloses that H. V. Finkelstein departed this life prior to the filing of said second amended bill, and that Lenore Finkelstein, his executrix, was made party defendant to said second amended bill and that summons had been sued out against her but had not been returned at the time said second amended bill was dismissed; that the original bill filed in this cause did not pray any specific relief against Lenore Finkelstein, and that after the demurrer was sustained to the original bill, plaintiffs in error in their amended bill did not make Lenore Finkelstein a party defendant.

Unless the complainants who were omitted from the amended bill, either in person or by counsel other than counsel filing the original bill, should object to being omitted from the bill as amended, it would be presumed that they were omitted by their consent. *Hea-*

*cock v. Durand*, 42 Ill. 230–233; *Girard v. Lehigh Stone Co.*, 280 Ill. 479. In the latter case the court in discussing the matter of amending bills and the omission of certain complainants, at page 485, says:

"The rule is recognized in equity, as in law, that all the parties who join in a suit must be entitled to recover or none can. If any one or more of the complainants in a suit in equity failed to maintain a case against the defendant, the remainder of the parties, in order to maintain their suit against the defendant, must by leave of court amend their bill by striking out the names of such co-complainants who have no cause of action." Citing Story's Equity Pleading, sec. 525c; *Lovelace v. Hutchinson*, 106 Ala. 417, 17 So. 623.

If the complainants Cameron or Wilkin desired to have the bill dismissed as to them, they had that right. However, that would not take away the right of plaintiffs in error, by leave of court, to amend their bill, without being compelled to join parties who were not in accord with them.

On the motion of defendants in error to set aside the leave granted plaintiffs in error to file said second amended bill, and to strike said bill from the files and to dismiss said cause for want of equity, such motion would amount to a general demurrer. *Grimes v. Grimes*, 143 Ill. 550–556; *Leonard v. Arnold*, 244 Ill. 429–432; *Lavin v. Board of Com'rs of Cook Co.*, 245 Ill. 496–509; *Dunne v. Rock Island County*, 273 Ill. 53–58; *Boston Store v. Retail Clerks International Protective Ass'n*, 216 Ill. App. 428–436.

If the allegations of the second amended bill disclosed a right to equitable relief in plaintiffs in error, the court should have overruled said motion. However, we do not regard the question of the sufficiency of said bill as important here. There being no cross-bill on file, plaintiffs in error had the absolute right to dismiss their bill without prejudice, whether or not it stated a cause for equitable relief, and whether or not

it disclosed on its face a want of proper parties.   In *Whitaker v. Irons, supra,* the court in discussing a question of this character at page 256 says:

"The complainant retains the absolute control of the suit and may dismiss it, at his discretion, at any time before decree actually rendered."   Citing *Purdy v. Henslee, supra; Williams v. Breitung, supra; Fischheimer v. Kupersmith, supra.*

Plaintiffs in error, having entered a motion to dismiss their second amended bill without prejudice, and there being no cross-bill on file, the trial court had no authority to dismiss said bill for want of equity.   In *Pingrey v. Rulon,* 246 Ill. 109, the court at page 122 says:

"It was not necessary for the complainants to proceed further after their motion to dismiss their original bill had been denied, and if, instead of amending their bill, they had stood by their motion to dismiss, the court would have been without jurisdiction to proceed further."

Counsel for defendants in error contend that the record discloses that defendants in error had certain rights as against said omitted complainants, under certain guarantee contracts, and that the court should not allow said cause to proceed without said parties. If defendants in error desired relief under said guarantee contracts, they should have answered said bill and filed a cross-bill.   In that event, plaintiffs in error would not have been entitled to have their bill dismissed.   No cross-bill having been filed, defendants in error are in no position to complain.

In reference to the contention of counsel for defendants in error that this court is without jurisdiction to consider this case for want of proper parties, it is only necessary to add that no specific relief was prayed against Lenore Finkelstein in the original bill, and after the demurrer was sustained to said original bill, she was omitted as a party defendant.   That amounted

to a dismissal of said proceeding as against her. *Heacock v. Durand, supra; MacLachlan v. Pease,* 171 Ill. 527; *Malleable Iron Range Co. v. Pusey,* 244 Ill. 184–200. H. V. Finkelstein had died prior to the filing of the second amended bill and Lenore Finkelstein, his executrix, while made a party as such, had not been served, so she was not affected by the action of the court in this proceeding. All of the parties affected by the ruling of the court on the second amended bill were parties to this proceeding, either as plaintiffs or defendants in error, and that was all that was necessary. *Harms v. Jacobs,* 155 Ill. 221–222; *Clark v. Zaleski,* 268 Ill. 427–434.

Counsel for defendants in error strongly intimate that plaintiffs in error desire to dismiss their bill without prejudice, for the purpose of instituting further proceedings touching the matters in controversy. Whether or not counsel are right in this contention is immaterial. In *Williams v. Breitung, supra,* the court in discussing a like question at page 308 says:

"It has been held that the rule, that the complainant has the right to dismiss his bill without prejudice on payment of costs, is subject to the exception that such permission to dismiss a bill without prejudice may be refused, if the dismissal would work a prejudice to the other party. But 'it is not regarded as prejudicial to the defendant that the complainant dismisses his own bill, simply because the complainant may file another bill for the same matter.' (*Bates v. Skidmore,* 170 Ill. 233.) The only prejudice to his own interests, which the appellant here insists upon as likely to occur from the dismissal of the bill without prejudice, is that another bill may be filed against him for the same matter. If such were the case, there would be no such prejudice to his right under the authorities as to justify this appeal."

One of the cases cited and relied upon by defendants in error, on their proposition that plaintiffs in error

had no right to omit certain original complainants from their amended bill, is *Lee v. City of Casey,* 269 Ill. 604. In that case, Hugh T. Bragg and John Carr, taxpayers, on behalf of themselves and all other persons similarly situated, filed a bill in the circuit court of Clark county, running to the November term, 1912, against the city of Casey and other defendants, to enjoin the levy and collection of certain taxes which the bill alleged were illegal. At that term of court the bill was dismissed as to Carr. The remaining complainant filed a petition stating that other taxpayers of the city of Casey desired to join with him as co-complainants, and asked leave to file an amended and supplemental bill. Such leave was granted. On the last day of the November term, 1914, Bragg and certain other complainants asked that the suit be dismissed as to them, and an order was so entered. Thereafter the defendants moved to dismiss said bill for the reason that the original complainants who had filed the same had both been dismissed. The motion was allowed and the bill was dismissed. The Supreme Court in discussing this question at page 605 says:

"The appellees have filed a motion to dismiss the appeal for the reason that there were seven complainants in the cause at the time it was dismissed, that a joint appeal was prayed and allowed, and that only three of the complainants, the appellants here, executed the appeal bond and joined in the appeal. This motion was taken with the case. The theory upon which this motion is made is, that the suit was, in fact, dismissed upon the dismissal of Bragg, the only remaining original complainant, on November 13, 1914, and as it involves a determination of the main question presented for review by this appeal it will not be treated or discussed separately.   *   *   *

"After appellants had been permitted to join as complainants they became vested with an interest in the subject matter of the suit, and the original com-

plainant thereafter did not have the power to dismiss the suit to their prejudice.   *   *   *

"The dismissal as to Bragg and the other complainants did not have the effect of dismissing the suit, and the court erred in entering its order dismissing the suit *nunc pro tunc* as of November 13, 1914."

In this case, if Dennis, Wilkins, Daehler and Cameron did not desire to prosecute the bill in question, and, either at their own request or by action of plaintiffs in error, they were dismissed out of the suit and made no objection thereto, plaintiffs in error had the right to amend their bill and to proceed with the cause. If, on the hearing, other persons were found to be necessary parties then the court of necessity would dismiss the proceeding for want of proper parties.

Counsel for defendants in error apparently hold the theory that the original bill and the amended bill were both pending in the trial court at the same time. This theory is not well founded. In *Bradish v. Grant*, 119 Ill. 606, the court in discussing a question of this character at page 611 says:

"In the entitling of the cause in the decretal order, it is styled 'bill and amended bill,' and the decree dismisses the amended bill, at the complainant's costs, for want of equity. The amendment of a bill does not put two bills into the case. There remains afterward but one bill,—the bill as amended. The dismissal of the amended bill, here, meant dismissing the bill as amended. An amended bill is considered as an original bill."

Counsel allude to the fact that the motion made by plaintiffs in error to dismiss their second amended bill did not state "without prejudice," and contend that the court was not warranted in so dismissing the same. This point is not well taken. In *Bates v. Skidmore, supra,* the court in discussing a question of this character at page 236 says:

"Where a bill is dismissed without any consideration of the merits, and before decree, even though the order of dismissal does not contain the words, 'without prejudice,' the judgment or decree of dismissal is not *res judicata,* and constitutes no bar to a new proceeding for the same cause of action between the same parties; such termination of the suit leaves the parties as if no legal proceedings had been taken." Citing 6 Ency. of Pleading & Practice, 986, 987; *Richards v. Lake Shore & M. S. Ry. Co.,* 124 Ill. 516; *Chamberlain v. Sutherland,* 4 Ill. App. 494.

For the reasons above set forth, the order and decree of the trial court will be reversed and the cause will be remanded, with directions to the court to set aside said order dismissing said bill for want of equity, and to enter an order reinstating the order entered on November 18, 1924, dismissing said bill on motion of plaintiffs in error, without prejudice.

*Reversed and remanded with directions.*