D. S. Gishwiller, Executor of Estate of Catherine N. Hobart, Deceased, Appellant, v. Wallace Hobart et al., Appellees.

Gen. No. 10,230.

Opinion filed June 4, 1948.   Released for publication June 25, 1948.

JOHN R. SNIVELY, of Rockford, for appellant.

WELSH & WELSH, of Chicago, for appellees; R. T. WELSH, of Chicago, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.
The complaint in this cause was filed on February 26, 1941, by D. S. Gishwiller, executor of the estate of Catherine N. Hobart, deceased. It alleged that one of the defendants, Wallace Hobart had breached a written agreement theretofore executed by him on

July 20, 1925, which obligated him to maintain, support and personally care for the said Catherine N. Hobart during the rest of her life; that Wallace Hobart was the adopted son of Catherine N. Hobart; that she, the said Catherine N. Hobart died on December 18, 1939, being then eighty-nine years of age and that on or about the date of said agreement and, in consideration thereof, Catherine N. Hobart conveyed to said Wallace Hobart certain real estate located in Winnebago county, Illinois and also certain real estate located in Hand county, South Dakota and also assigned to him a mortgage which she owned.

The complaint then alleged that Wallace Hobart, in consideration of the transfer to him of said real estate executed and delivered to Catherine N. Hobart the following instrument, *viz:*

"Whereas, Catherine N. Hobart, my mother, has this day conveyed to me by quit claim deed certain lands owned by her:

"Now therefore, I do hereby, in consideration of said conveyance, agree to maintain, support and personally care for my said mother, Catherine N. Hobart, for and during the rest of her life, meaning and intending hereby to furnish food, clothing, shelter, medical care and any other care, service or attention which her needs may require to the extent that she has been accustomed to receive in her station in life prior to this time.

"This contract and the above obligation shall extend to and bind my executors and administrators, personal representatives and my heirs-at-law.

"Dated at Rockford, Illinois, this 20th day of July A. D. 1925."

The complaint then alleged that upon the execution of said agreement it thereupon became and was the duty of defendant, Wallace Hobart, to maintain, support, and personally care for said Catherine N. Hobart

for and during the rest of her life, and to furnish her with food, clothing, shelter, medical care and any other care, service or attention which her needs might require to the extent that she had been accustomed to receive in her station of life prior to that time. That said Catherine N. Hobart had been accustomed to living a happy and pleasant life and to having the ordinary, reasonable comforts of home, including clothing, food, shelter, heat and was accustomed to having a reasonable amount to spend on pleasures and trips and was accustomed to having adequate and proper medical attention when required, and was accustomed to a high standard of living. That Wallace Hobart, notwithstanding this duty as aforesaid, did not comply with the terms of said agreement and for a great many years prior to the death of said Catherine N. Hobart, deceased, failed and refused to pay doctor bills incurred by said Catherine N. Hobart and refused to furnish necessary medical and nursing attention for her when she was sick, and failed and refused to purchase necessary clothing and household supplies for her, and failed and refused to pay for the board and room of said Catherine N. Hobart and failed and refused to furnish necessary fuel for her, and failed and refused to give said Catherine N. Hobart any money for necessary personal expenses or any money for said Catherine N. Hobart to spend on small pleasures, trips, or gifts which she had been accustomed to spending prior to the execution of said agreement. The complaint then charged that from and after May 29, 1931, said defendant, Wallace Hobart, contributed nothing toward the support or maintenance of said Catherine N. Hobart and did not support or maintain her at all from said date until her death.

The complaint then alleged that on or about January 2, 1928, certain personal property was delivered by Catherine N. Hobart and Wallace Hobart to R. K. Welsh, C. K. Welsh, F. M. Welsh and R. T. Welsh who

executed a declaration of trust; that by the provisions of said declaration the trustees obligated themselves to pay to Wallace Hobart the income from said trust property, if in the judgment of the trustees Wallace was complying with the provisions of the said agreement of July 20, 1925, and that then upon the death of Catherine Hobart, the corpus of the trust should be delivered to Wallace Hobart, if living.

The complaint then alleged that the trustees still hold the trust property and that they contemplate closing up the trust and delivering the assets to Wallace Hobart, whom the complaint alleges is insolvent. The complaint then concludes that the plaintiff, as executor of Catherine N. Hobart's estate, has an equitable interest in said trust property because of Wallace's failure to perform his agreement of July 20, 1925, and prays for judgment against Wallace Hobart for $20,000 damages and for an injunction restraining the trustees from disposing of the assets of the trust and that they, as trustees, be ordered to deliver the assets to the plaintiff to apply upon any judgment which he may obtain herein.

On July 9, 1945, the defendants filed their verified joint motion praying that this suit be dismissed or a judgment in bar to all the claims of the plaintiff be entered under section 48 of the Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 172; Jones Ill. Stats. Ann. 104.048]. Counter affidavits were filed by the plaintiff and upon a hearing of the motion evidence was produced in open court, resulting in a final order dismissing the instant suit for want of equity and rendering a judgment against the plaintiff for costs. To reverse this order and judgment plaintiff appeals.

From the verified motion, counter affidavits and evidence produced upon the hearing it appears that on September 7, 1929, Catherine N. Hobart filed her bill of complaint in the circuit court of Winnebago county, being Cause No. 34662; that thereafter and on June 30,

1934, a supplemental bill was filed and later on August 7, 1935, a further amendment and supplement was filed thereto. The defendants in that proceeding were the same parties who are defendants in the instant suit and in addition some other parties. The complaint was based upon alleged breaches by the said Wallace Hobart of the contract of July 20, 1925, and the relief sought was an accounting from the defendants, a cancellation of the agreement and a reconveyance to the plaintiff of the property which she theretofore had conveyed and delivered to her son, Wallace Hobart.

The record further discloses that answers were filed by the defendants and after the issues had been made up the cause was referred to the master in chancery who heard the proofs and on April 14, 1934, the master filed his report and conclusions recommending that the court enter a decree dismissing the bill at the costs of the plaintiff, Catherine N. Hobart. No decree was ever granted, approved or filed in accordance with the recommendation of the master. The record does show, however, that a letter, addressed to the presiding judge of the court, by the plaintiff was filed in this proceeding on April 23, 1938. This letter requested the court to dismiss said suit. The court treated said letter as a motion by the plaintiff to dismiss said cause, and heard evidence concerning the competency of the plaintiff to dismiss her suit. From the evidence submitted the court found that the plaintiff did not have the mental capacity to understand the nature and effect of her motion and denied the same. The court however, of its own motion, appointed James T. Reid, guardian *ad litem* for the complainant, directed him to employ Messrs. Hall and Dusher as his attorneys and to report to the court. Thereafter and on September 8, 1938, the guardian *ad litem* filed a report in said cause upon which there was a full hearing resulting in a finding that it was for the best interests of

the plaintiff to have said suit dismissed and accordingly the suit was dismissed upon motion of the guardian *ad litem* and the costs were paid and an order to this effect was duly approved and filed on September 8, 1938.

The verified motion of the defendants for judgment recited that in the month of April 1938, the plaintiff in the former proceeding, Catherine N. Hobart, and all the defendants met in conference and mutually agreed that all matters involved in said suit and pertaining to said contract of July 20, 1925, were forever and satisfactorily settled and avers that Wallace Hobart did, pursuant to said settlement agreement, care for and support Catherine N. Hobart continuously from that time until her death which occurred on December 18, 1939. Upon the hearing, the court admitted in evidence, over the objection of the plaintiff, receipts for disbursements made by Wallace Hobart bearing various dates from October 20, 1938, to December 13, 1939.

The counter affidavit of Wilbur Spring submitted in opposition to the motion of the defendants for judgment recites that he is legatee under the will of Catherine N. Hobart, deceased, and familiar with the facts in this proceeding. Affiant denied that on September 15, 1938, Cause No. 34662 was dismissed at plaintiff's cost and denied that the claim of Catherine N. Hobart, based upon the alleged breach of the contract of the defendant, Wallace Hobart, was ever adjudicated by any court in favor of the defendant, Wallace Hobart. Affiant further denied that in the month of April, 1938, Catherine N. Hobart and all of the defendants met in conference and mutually agreed that all matters involved in said prior suit and all matters pertaining to said contract, and all questions concerning the properties mentioned in said prior suit which were conveyed to the defendant, Wallace Hobart, by Catherine N. Hobart, were satisfactorily settled be-

tween Catherine N. Hobart and Wallace Hobart and all of the other defendants by the dismissal of said prior suit. Affiant further denied that the defendant, Wallace Hobart, did diligently and properly care for and support Catherine N. Hobart commensurate with her station in life continuously from said time until her said death and further denied that all liability of the defendants under the contract of July 20, 1925, and all matters pertaining to the properties conveyed to the defendant, Wallace Hobart, thereunder, were ever closed, settled or adjudicated.

In their brief counsel for appellees state that they are not urging in this appeal the defense of release set up in their verified motion to dismiss but do insist that the prosecution of this suit is barred by the final order of dismissal of the previous suit on September 8, 1938. Counsel for appellant concede that the instant suit and the former one were between the same parties or those in privity with them but insist that the issues and causes of action are not the same. Counsel argue that the prior suit was instituted by Catherine N. Hobart for an accounting and to have her property restored to her while the present suit is an action by her personal representative to recover damages from Wallace Hobart for breach of his contract to maintain, support and personally care for Catherine N. Hobart from the date of the contract until her death.

The controlling fact or matter material to the determination of the former suit and the instant proceeding is whether the contract of July 20, 1925, was breached. The record here shows there was a full hearing upon this question before the master and that the master found against the plaintiff's intestate upon this question and recommended a decree after overruling objections to his report. No decree was ever rendered approving the master's report or confirming his conclusions. The master's report was filed on April 14, 1934. Nothing, so far as the record discloses, was done until more than four years had

elapsed and then at the request of the guardian *ad litem* of the plaintiff the suit instituted on September 7, 1929, was dismissed on September 8, 1938, and the only finding in that decree was that it was for the best interests of the plaintiff to have said suit dismissed. This contract of July 20, 1925, was a continuing one. It obligated Wallace Hobart to maintain, support and personally care for his mother until December 18, 1939, the date of her death. It is obvious from the record that the question of the breaching of this contract by Wallace Hobart after the dismissal of the former proceeding on September 8, 1938, and between that date and December 18, 1939, the date of the death of Catherine N. Hobart, could not have been adjudicated in the prior proceeding inasmuch as the decree of September 8, 1938, was rendered more than fifteen months before the death of Catherine N. Hobart. The allegations of the instant complaint to the effect that after May 29, 1931, and up to the time of Catherine N. Hobart's death on December 18, 1939, Wallace Hobart did not comply with the terms of his agreement, specifying wherein he failed and alleging that during that period Wallace Hobart refused to pay her doctor bills, refused to furnish necessary medical and nursing attention for her when she was sick, failed to purchase necessary clothing and household supplies for her, failed and refused to pay for her board and room, refused to furnish necessary fuel for her, failed and refused to give her any money for necessary personal expenses or any money for her to spend on small pleasures, trips or gifts, all contrary to the provisions of said agreement of July 20, 1925, have never been adjudicated and the trial court erred in sustaining the motion of defendants and in dismissing the instant complaint and in rendering judgment for the defendants.

The voluntary dismissal of the prior suit was not a decree upon the issues made by the pleadings and is not *res adjudicata* of the issues in the instant

proceeding. In *Fidelity & Casualty Co. v. Heitman Trust Co.,* 317 Ill. App. 256, at page 267 it is said: ''The rule is well settled that a judgment, to be a bar, must have been rendered upon its merits (*People v. Harrison,* 253 Ill. 625; *Marie M. E. Church of Chicago v. Trinity M. E. Church of Chicago,* 253 Ill. 21) and where a bill is dismissed without any consideration of the merits and before decree, as was done in this instance, 'even though the order of dismissal does not contain the words ''without prejudice,'' the judgment or decree of dismissal is not res judicata, and constitutes no bar to a new proceeding for the same cause of action between the same parties.' *Bates v. Skidmore,* 170 Ill. 233.''

Under the former practice act it was repeatedly held that a complainant may dismiss his bill at any time before decree when no cross bill had been filed (*Langlois v. Matthiessen,* 155 Ill. 230; *Schaller v. Huse,* 330 Ill. 345, 347) and the dismissal thereof is not a bar to another suit. (*Fischeimer v. Kupersmith,* 258 Ill. 392.) In *Fidelity & Casualty Co. v. Heitman Trust Co.,* 317 Ill. App. 256, *supra,* at pages 268 and 269 the reasons for the passage of said section 52 of the present Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 176; Jones Ill. Stats. Ann. 104.052] providing for the voluntary dismissal of actions are discussed and it is there held that even if the plaintiff failed to comply with the procedural provisions of that section, such failure could not have the effect of making the order of dismissal upon plaintiff's motion, a final adjudication of the cause upon its merits.

The order of May 14, 1947, is reversed and the cause is remanded with directions to overrule the motion of the defendants for judgment.

*Judgment order reversed and cause remanded with directions.*