JOHN  MOHLER *et al.* ·

*v.*

JOSEPH  WILTBERGER.

1.  CHANCERY PRACTICE — *complainant's right to dismiss bill.*  A complainant has the right, at any time before the decree is rendered, to dismiss his bill, unless a cross-bill has been filed.  After decree he cannot, except upon consent.

2.  SAME—*right to dismiss after decree reversed.*  The effect of a reversal of a decree being to leave the cause pending for hearing precisely as if no decree had been rendered, the complainant may dismiss his bill after such reversal.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

Messrs. HARDING, McCOY & PRATT, and Mr. T. C. WHITESIDE, for the appellants.

Messrs. AYER & KALES, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The only question presented by this record is, whether a complainant may, before a hearing, dismiss his bill without prejudice.

We understand the practice to be well settled that the complainant, at any time prior to a decree, has the right, unless a cross-bill has been filed, to control the fortunes of his own bill, and dismiss it, as a matter of course.

After a decree has been rendered, then the complainant cannot dismiss his bill, except by consent, for the reason that after decree others aside from the complainant have a fixed and definite interest in the subject matter in litigation in the cause, and hence have a right to be consulted before their rights shall be impaired by a dismissal of the bill.

The rule is well and clearly stated in Daniells' Chancery Practice, vol. 2, page 356, as follows: "A plaintiff may move to dismiss his own bill, with costs, as a matter of course, at any time before the decree; it is said that after witnesses have been examined it is not to be prayed, except it be upon special cause, but this does not appear to be the present rule of practice. After a decree, however, the court will not suffer a plaintiff to dismiss his own bill, unless upon consent, for all parties are interested in a decree, and any party may take such steps as he may be advised to have the effect of it."

It is, however, insisted that a decree had been rendered in this cause, and the motion of the complainant came too late.

It appears from the record before us that in 1866 a final decree was rendered in the cause, from which one of the defendants sued out a writ of error, and at the September term, 1870, of this court, the decree which had been rendered was reversed, and the cause remanded.

The effect of the judgment of this court left the cause pending in the court below for trial, precisely as if no decree had ever been rendered. This rule was announced in the case of *Chickering* v. *Failes*, 29 Ill. 294. The cause was governed by the same rule, so far as complainant's right to dismiss was concerned, as if no decree had ever been rendered therein. The Superior Court so treated it, and in this we perceive no error.

The decree of the Superior Court will be affirmed.

*Decree affirmed.*