|114    493|
|a213s  338|

## Charles A. Paltzer v. Martha J. Johnston, Executrix, etc.

### Gen. No. 11,541.

1. DECREE—*when, not regarded as rendered.* A decree in this state
is not regarded as having been rendered until it has been entered or filed
of record.

2. DISMISSAL—*complainant's right of.* A complainant has the right
at any time before the entry or filing of a decree to dismiss his bill,
where no cross-bill has been filed.

Foreclosure proceeding. Appeal from the Superior Court of Cook
County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the
Branch Appellate Court at the October term, 1903. Affirmed. Opinion
filed June 17, 1904.

WILLIS SMITH, for appellant.

MASTERSON & HAFT, for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

After the full hearing of appellee's cross-bill and three
days after the chancellor had announced orally his conclu-
sions, ending by saying, "Let a decree be prepared, dis-

missing the bill for want of equity," but before the formal entry of any decree, appellee moved to dismiss her cross-bill without prejudice, whereupon appellant moved to enter of record *nunc pro tunc* a final decree dismissing the bill for want of equity in pursuance of the oral opinion previously delivered. The court denied appellant's motion, granted appellee's, and entered a decree dismissing the cross-bill without prejudice at her costs. The appeal is from that decree.

Counsel for appellant has submitted an able and learned argument, in which he cites and quotes from many cases and authorities in support of his contention that the oral announcement and direction of the chancellor as above shown constitutes and is a decree rendered and pronounced by the court; that it is such without any entry thereof by the clerk; that such entry is a ministerial act, and merely the evidence of the action of the court, and that appellant was not entitled to dismiss her bill without prejudice after the court had decided against her and given specific directions that it should be dismissed for want of equity.

Whatever the rule may be elsewhere, under our practice a decree is not regarded as rendered, and is not rendered until it has been entered or filed of record, and a complainant has the right at any time before such entry or filing, to dismiss his bill where no cross-bill has been filed. Purdy v. Henslee, 97 Ill. 389; Hughs v. Washington, 65 Ill. 245; Mohler v. Wiltberger, 74 Ill. 163; Reilly v. Reilly, 139 Ill. 180; Langlois v. Matthiessen, 155 Ill. 230.

In Hughs v. Washington, *supra*, after a full discussion of the subject, the court say (p. 250): "There was, then, no decree of the court until it was approved and filed for record, or was recorded; and that was the time the case was decided and the decree rendered."

The decree appealed from is affirmed.

*Affirmed.*