(No. 14045.—Judgment affirmed.)

EDWARDS WHITAKER *et al.* Defendants in Error, *vs.*
LETCHER IRONS, Plaintiff in Error.

*Opinion filed December 22, 1921.*

1. EQUITY—*complainant may dismiss his suit at any time prior
to decree.* The complainant retains the absolute control of a suit
in equity and may dismiss it, at his discretion, at any time before
decree actually rendered.

2. MORTGAGES—*effect in a foreclosure proceeding where pur-
chaser at a tax sale has been made a defendant.* Where the pur-
chaser at a tax sale is made a party defendant to a bill to foreclose
trust deeds, the only decree which the court may render in his
favor is to order that the complainants pay the amount legally due
him within a definite period and in default of payment that the bill
be dismissed as to said purchaser, and hence the complainants may
dismiss their bill as to him either before or after the decree with-
out affecting his rights.

3. SAME—*purchaser at tax sale is not a proper party to bill to
foreclose mortgage.* The purchaser at a tax sale is not a proper
party to a bill to foreclose a mortgage on the property, as the only
proper parties to such a bill are the mortgagor and the mortgagee
and those who have acquired rights under them subsequent to
the mortgage.

4. SAME—*when party should be dismissed from foreclosure suit.*
A claim of title adverse and superior to that of the mortgagor is
not a proper subject for consideration in a foreclosure suit, and
when the answer and proofs disclose that a defendant to the pro-
ceeding has such a claim he should be dismissed from the suit.

WRIT OF ERROR to the Appellate Court for the Fourth
District;—heard in that court on appeal from the Circuit
Court of Randolph county; the Hon. GEORGE A. CROW,
Judge, presiding.

WILLIAM T. PACE, G. GALE GILBERT, and NOLEMAN,
SMITH & DALLSTREAM, for plaintiff in error.

H. CLAY HORNER, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

On July 14, 1914, a bill was filed in the circuit court of Randolph county to foreclose two trust deeds upon the railroad of the Wabash, Chester and Western Railroad Company. The railroad passes through Jefferson county, and on June 10, 1914, that part of the road which lay within the county of Jefferson was sold for taxes. Letcher Irons, the purchaser at the tax sale, was made a defendant to the bill, the only allegation concerning him being that he claimed some interest in the railroad property or some part thereof, the nature of which was unknown to the complainants, but that the interest was not real. He answered the bill, setting up his purchase at the tax sale and claiming an interest in the property purchased for the amount paid by him, $2907.02. A replication was filed and the cause was heard. It appeared that the sale was made without any precept, and in the decree which was rendered the court found that the tax sale was void, the purchaser acquired no interest in the property, and it was not equitable that he should be reimbursed in this suit for the taxes paid by the purchase money, and costs were adjudged in favor of the complainants against the purchaser on his answer and defense. Irons, the purchaser, appealed to the Appellate Court for the Fourth District, which reversed the decree, holding that the circuit court erred in not requiring the complainants to pay Irons his taxes and legal costs before granting the decree, and the cause was remanded generally. After the cause was remanded the complainants moved the court to dismiss the bill as to Irons. The court denied the motion, and thereupon complainants obtained leave to amend their bill, and did amend it by striking out the allegation in the original bill referring to Irons and stating that Irons claimed some interest in the railroad property as purchaser at a tax sale, but that the complainants asked no relief of any kind against him or against his certificate of purchase.

The court denied Irons' motion to strike this amendment from the files.  Irons answered the amended bill, and upon a hearing a decree was rendered granting no relief to the complainants against Irons but ordering that he recover from the railroad company the sum of $3612.75 and costs, to be paid by the receiver in due course of administration, and denying Irons' prayer that the judgment be made a prior lien upon that part of the railroad lying within the county of Jefferson.  Irons prayed an appeal to the Appellate Court for the Fourth District, the complainants assigned cross-errors, and the Appellate Court reversed the decree upon the cross-errors, holding that the court erred in denying the motion to dismiss as to Irons.  Upon the petition of Irons a writ of *certiorari* was awarded to bring the record to this court for review.

The plaintiff in error states in his brief that the issues have been narrowed to the single proposition of the right of the defendants in error to dismiss the plaintiff in error out of the case after his rights under his tax certificate have been litigated both in the circuit and Appellate Courts, and after it had been determined by the Appellate Court that the plaintiff in error was entitled to reimbursement for the amount he had paid in connection with the tax sale.

Our practice in chancery is the same as the English chancery practice, under which the complainant retains the absolute control of the suit and may dismiss it, at his discretion, at any time before decree actually rendered.  (*Purdy* v. *Henslee,* 97 Ill. 389; *Paltzer* v. *Johnston,* 213 id. 338; *Williams* v. *Breitung,* 216 id. 299; *Fischheimer* v. *Kupersmith,* 258 id. 392.)  The only decree which the circuit court could have rendered in favor of Irons in the first place, or after remandment, was a decree that the complainants pay the amount due him on his certificate of purchase, with interest, within a definite period to be fixed by the court, and in case it was not paid that the bill be dismissed as to him.

(*Gage* v. *Thompson,* 161 Ill. 403; *Glos* v. *Brown,* 194 id. 307; *Glos* v. *Cratty,* 196 id. 193; *Cramer* v. *Wilson,* 202 id. 83.)   The opinion of the Appellate Court on the first appeal merely found that the "circuit court erred in not requiring the appellees to pay to appellant his taxes and legal costs before granting them a decree herein."   Whatever decree the court might render in favor of Irons, the complainants still had the right to elect not to pay the amount due Irons upon his claim but to allow their bill to be dismissed.   Irons could not be prejudiced by the election of the complainants to dismiss their bill as to him before decree rather than afterward.   Irons was not a proper party to the bill to foreclose the mortgage.   He did not claim under the mortgagor.   The only proper parties to a bill to foreclose a mortgage are the mortgagor and the mortgagee and those who acquired rights under them subsequent to the mortgage.   Where a defendant claims a title adverse and superior to that of the mortgagor, such adverse claim of title is not a proper subject of consideration in a foreclosure suit, and when such is disclosed to be its character by the answer and the proofs, the holder of the adverse claim should be dismissed from the suit.   *Mohler* v. *Wiltberger,* 74 Ill. 163; *Gage* v. *Perry,* 93 id. 176; *Reilly* v. *Reilly,* 139 id. 180; *Ennis* v. *Wolff,* 194 id. 420.

The defendants in error have assigned a cross-error on the decree allowing the claim of Irons against the railroad company and directing the receiver to pay it in due course of administration.   The defendants in error have no right to assign error on this part of the decree, which is not against them but against the railroad company.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*