(No. 22320.—

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant in Error, *vs.* CHARLES C. HOGE *et al.* Plaintiffs in Error.

*Opinion filed December 17, 1934.*

H. B. SMITH, S. J. HOLDERMAN, and ARLEY MUNTS, (HARRY C. DANIELS, and JOHN H. RAYMOND, guardians *ad litem,*) for plaintiffs in error.

DEGOY B. ELLIS, PAUL M. HAMILTON, and HAROLD H. JORDAN, for defendant in error.

Mr. JUSTICE SHAW delivered the opinion of the court:

Defendant in error, the Prudential Insurance Company of America, filed its bill in the circuit court of Kendall county seeking to foreclose a mortgage securing the payment of a note in the sum of $96,000 which had been executed by Charles C. Hoge and Carrie T. Hoge, his wife.

The land described in the mortgage thus sought to be foreclosed was in part devised to the mortgagor by his deceased father, Samuel Hoge, and in part by his deceased mother, Matilda Hoge. In its bill defendant in error set forth that Eleanor Weir, Mabel Manchester and S. Roy Hoge, the children of Charles C. Hoge, and other descendants of Samuel and Matilda Hoge, claimed some right, title or interest in the premises sought to be foreclosed but alleged that they had no such interest, and in addition to a decree of foreclosure prayed that these persons might be adjudged to have no title to the land nor any interest in it. Eleanor Weir, Mabel Manchester and S. Roy Hoge filed answers and a cross-bill, setting forth the wills of Samuel Hoge and Matilda Hoge. They prayed that the title of Charles C. Hoge, the mortgagor, might be determined to be a base or determinable fee, with executory devise over to the cross-complainants so far as the will of Samuel Hoge passed any title, and a life estate, only, with a contingent remainder over to the cross-complainants upon the death of Charles C. Hoge so far as the will of Matilda Hoge was concerned. An answer to the cross-bill was filed. A guardian *ad litem* was appointed for minors and a trustee for the future issue of unborn children. Replication followed in due course, and upon a hearing the trial court made a finding construing the wills of Samuel Hoge and Matilda Hoge as vesting Charles C. Hoge with a fee simple title, ordering a dismissal of the cross-bill and decreeing foreclosure for the amount found to be due. The cross-complainants have sued out a writ of error directly from this court.

Although neither party to this litigation questions our jurisdiction, it is necessary that we of our own motion should inquire as to that point. We have only such appellate jurisdiction as is given to us by law, and neither the consent of the parties nor their desire that we should consider a case can confer jurisdiction upon us if we have

it not. *Fleischman* v. *Walker*, 91 Ill. 318; *Wright* v. *People*, 92 id. 596.

Although the parties in the trial court put the title to this land in issue by their pleadings and although that court permitted this to be done, it was nevertheless not a proper matter to be litigated in a suit for foreclosure. Those allegations in the bill of complaint whereby an attempt was made to quiet the title of the mortgagor, and those allegations of the cross-bill seeking a construction of the wills and a declaration as to the title to a freehold, were not germane to the proper subject matter of the suit, and the findings of the chancellor thereon are surplusage and not only not necessary to the decree of foreclosure but were improper. Disregarding these non-essential findings and this surplusage in the decree, as we must, there is no freehold before us. To hold otherwise would be to permit the parties to litigation, by bringing in extraneous or multifarious points by agreement between themselves, to confer jurisdiction upon us in cases where we lawfully have none. This cannot be done.

The rule in Illinois is, that where a party does not claim title through or under either mortgagee or mortgagor he is neither a proper nor a necessary party to the foreclosure proceeding and should be dismissed from the suit. (*Gage* v. *Perry*, 93 Ill. 176.) In *Whitaker* v. *Irons*, 300 Ill. 254, we said: "The only proper parties to a bill to foreclose a mortgage are the mortgagor and the mortgagee and those who acquired rights under them subsequent to the mortgage."

The only effect the decree in this case can have is to foreclose the lien of defendant in error as against whatever title it received by the mortgage in question. There is no freehold involved, and the cause will therefore be transferred to the Appellate Court for the Second District.

*Cause transferred.*