(No. 22548.— )

THE NATIONAL BANK OF THE REPUBLIC OF CHICAGO *et al.* Appellees, *vs.* THE 168 ADAMS BUILDING CORPORATION *et al.*—(THE DUFFY-NOONAN CONSTRUCTION COMPANY *et al.* Appellants.)

*Opinion filed December 18, 1934.*

Lowes & Lowes, for appellants the Duffy-Noonan Construction Company *et al.;* Benjamin F. Langworthy, intervening petitioner and appellant, *pro se.*

Arthur J. Hughes, Taylor, Miller, Busch & Boyden, George Gillette, Norbert B. Tyrrell, and White & Hawxhurst, (Francis X. Busch, Frank Michels, John S. Miller, and William Klevs, of counsel,) for appellee and cross-appellant the National Bank of the Republic of Chicago; Cohon & Goldstein, for appellee the Anderson & Lind Manufacturing Company; Devenish & Luebeck, (Earle G. Kallen, of counsel,) for appellee the Dearborn Electrical Construction Company.

Mr. Justice Herrick delivered the opinion of the court:

The National Bank of the Republic of Chicago, as trustee in a certain trust deed to secure a bond issue of $3,250,000, filed its bill in the circuit court of Cook county seeking foreclosure of such trust deed. The trust deed was executed by the 168 Adams Building Corporation. The Midland Club, a corporation, conveyed the property against which the foreclosure proceeding is brought, to the 168 Adams Building Corporation before the execution and delivery of the trust deed under foreclosure and also guaranteed the payment of the bond issue. These two corporations, the unknown owners and holders of the bonds, the Duffy-Noonan Construction Company, a corporation, and others, were made defendants. Pleadings were filed by some of the defendants claiming mechanics' liens against the premises. M. R. Carpenter, Samuel E. Dean and Richard L. Rumbaugh were permitted by leave of the court to become parties defendant and filed their answer in the cause. By leave of the court Benjamin F. Langworthy,

a bondholder, filed his intervening petition, by which he charges that the amounts allowed for solicitors' fees, masters' fees and trustees' compensation are severally excessive. The cross-bill of the Duffy-Noonan Construction Company attacks the validity of the corporate organization of the 168 Adams Building Corporation, denies the validity of the trust deed sought to be foreclosed, and asserts that if the holders of the bonds have any rights their remedy is as general creditors only against the Midland Club. The answer of the defendants Carpenter, Rumbaugh and Dean set up that they severally purchased from the Midland Club, prior to the execution and delivery of such conveyance by the club to the 168 Adams Building Corporation, certificates of interest and membership, for which they paid value; that under such certificates they each became an owner of an undivided proportionate interest in all the property held by, for or on behalf of the Midland Club, and that their interests are not subject to the lien of the trust deed. A decree of foreclosure was rendered and the property ordered sold to satisfy the bond issue. The decree allowed certan mechanics' liens and disallowed others, and specifically found that the interests of Dean, Carpenter and Rumbaugh are subordinate to the lien of the trust deed under foreclosure. From that decree Benjamin F. Langworthy has prosecuted an appeal to this court. Cross-appeals have been prosecuted by the Duffy-Noonan Construction Company, a corporation, Carpenter, Rumbaugh and Dean. The National Bank of the Republic has prosecuted its cross-appeal to that part of the decree allowing the mechanics' lien claims severally of the Anderson & Lind Manufacturing Company and the Dearborn Electrical Construction Company. None of the parties to the record question the jurisdiction of this court.

A freehold is not involved in a proceeding where the only relief sought by the bill is to foreclose a mortgage. (*Allen* v. *Allen,* 242 Ill. 510; *Beach* v. *Peabody,* 188

id. 75; *VanMeter* v. *Thomas,* 153 id. 65.) Neither the allowance of solicitors' fees, masters' fees, trustees' fees nor the establishment of a mechanic's lien against real estate involves a freehold. The fastening of the lien of the trust deed upon the interests claimed by the cross-appellants Carpenter, Rumbaugh and Dean does not put in issue a freehold. If we should concede that it does, which we do not, the general rule is that, in a suit for the foreclosure of a mortgage, questions of title cannot be litigated in that proceeding, and the rule embraces titles both adverse and paramount. (*Whitaker* v. *Irons,* 300 Ill. 254; *Bozarth* v. *Landers,* 113 id. 181; *Gage* v. *Perry,* 93 id. 176; *Erie County Savings Bank* v. *Schuster,* 187 N. Y. 111, 78 N. E. 843; *Cromwell* v. *MacLean,* 123 id. 474, 25 N. E. 932.) The cross-appellants Carpenter, Rumbaugh and Dean were neither necessary nor proper parties to the bill to foreclose. (*Whitaker* v. *Irons, supra; Prudential Ins. Co.* v. *Hoge, post,* p. 36.) They do not claim title to any part of the premises under either the mortgagor or the trustee mortgagee but their title is claimed under the Midland Club.

Parties cannot confer jurisdiction upon this court by consent. (*Blodgett* v. *Blodgett,* 343 Ill. 569; *Miller* v. *Illinois Central Railroad Co.* 327 id. 103; *Merkel* v. *Woodside,* 333 id. 489; *People* v. *City of Peoria,* 229 id. 225.) It is the duty of the court on its own initiative to protect its own jurisdiction. The effect of the decree is to foreclose the lien of the trust deed in question against whatever title the mortgagor thereto had, establish against the premises certain mechanics' liens, grant a foreclosure thereof, and determine the amount of solicitors', masters' and trustees' fees. No freehold is gained or lost by any party to the record by virtue of such decree. A freehold is not involved.

It is ordered that the cause be transferred to the Appellate Court for the First District. *Cause transferred.*