(No. 23184.—

THE LITHUANIAN ALLIANCE OF AMERICA, Appellee, *vs.* THE HOME BANK AND TRUST COMPANY, Trustee.— (THEODORE A. POSKA, Conservator, Appellant.)

*Opinion filed February 14, 1936.*

ANTHONY A. SLAKIS, for appellant.

EUGENE D. SULLIVAN, and GEORGE J. MENKAS, (KASI-
MIR P. GUGIS, and ABRAHAM MILLER, of counsel,) for
appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the
court:

Appellant seeks review of the order of the circuit court
of Cook county sustaining a demurrer to and dismissing
his cross-bill in a foreclosure proceeding. A bill was filed
by the Lithuanian Alliance of America, a corporation, to
foreclose a trust deed given by the Home Bank and Trust
Company as trustee, holding for Frank A. Poszka, as bene-
ficiary, the real estate pledged. Appellant is the conservator
of the estate of Felicia Poszka, insane, the wife of Frank
Poszka, the beneficial mortgagor. Felicia Poszka was not
made a party either individually or through her conservator.
Appellant, as such conservator, filed a petition for leave
to be made a party and to file an answer and cross-bill.
This leave was granted and an answer was filed, followed
by the cross-bill involved in this appeal.

The cross-bill sets out that the property involved in the
proceeding had been acquired by Frank A. and Felicia
Poszka as joint tenants; that up to the time said Felicia
Poszka was adjudged insane and committed to a State
Hospital for the Insane she had never given a deed to the
premises; that a certain deed dated April 17, 1922, and
filed in the office of the registrar of titles, was made after
said Felicia Poszka became incompetent to make a deed,
and that her signature, if it was genuine, was procured by
fraud. The cross-bill avers that notwithstanding the regis-
tration of title in the mortgagor as beneficiary of a trust,
an undivided one-half of the property in fact belonged to
said Felicia Poszka. The cross-bill prayed that the title
be found as therein alleged; that the claims of the mort-
gagor and the others claiming an interest in the property
be removed as clouds on her title and that the property be

partitioned. Appellee, complainant in the bill to foreclose, demurred generally and specially. The demurrer was sustained and the cross-bill dismissed.

The first question presented here is one of jurisdiction of this court. A freehold is not involved in a proceeding where the only relief sought by the bill is to foreclose a mortgage. (*Bank of Republic* v. *Adams Building Corp.* 359 Ill. 27; *Allen* v. *Allen,* 242 id. 510; *VanMeter* v. *Thomas,* 153 id. 65.) It is likewise the rule long settled in this State, that questions of title cannot be litigated in a foreclosure proceeding. (*Whitaker* v. *Irons,* 300 Ill. 254; *Bozarth* v. *Landers,* 113 id. 181.) The question as to the correctness of the ruling of the trial court is one of procedure, and is, whether the cross-bill was germane to the original bill and whether appellant is a proper party. No freehold is involved in such a case. Although the parties in the trial court seek to put the title to land in issue by their pleadings, yet where the only effect which can be given to the decree is to foreclose the lien of the mortgagee against whatever title it received by the trust deed no freehold is involved. *Prudential Ins. Co.* v. *Hoge,* 359 Ill. 36; *Gage* v. *Perry,* 93 id. 176.

Appellant argues here a constitutional question concerning the validity of the Torrens act. No constitutional question was raised in the trial court. A cause cannot be brought directly to this court from the trial court upon the ground that the validity of a statute is involved unless the record discloses that the question was presented to the trial court for decision and preserved for review. *People* v. *City of Waukegan,* 344 Ill. 60; *Phelps* v. *Board of Appeals,* 325 id. 625; *Albrecht* v. *Omphghent Township,* 324 id. 200.

This court has no jurisdiction of this appeal, and the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*