(No. 23272.—)

J. L. JONES *et al.* Appellants, *vs.* BELLE N. HORROM *et al.*—
(LYMAN T. HORROM *et al.* Appellees.)

*Opinion filed February 19, 1936—Rehearing denied May 12, 1936.*

STONE, C. J., took no part.
SHAW, J., specially concurring.

WALTER C. OVERBECK, for appellants.

MILLER, ELLIOTT & WESTERVELT, (JOHN D. THOMASON, of counsel,) for appellees.

GEORGE W. HUNT, T. C. WATEROUS, and CHARLES P. GREEN, for certain cross-appellants.

Mr. JUSTICE HERRICK delivered the opinion of the court:

On June 24, 1932, Belle N. Horrom, a widow, executed and delivered her trust deed whereby she conveyed and mortgaged to J. L. Jones, as trustee, approximately 200 acres of farm land in Marshall county, Illinois, to secure an indebtedness of $10,374.88 represented by six promissory notes signed by the grantor. Default having been

made in the terms of the trust deed, the complainants, appellants here, on December 12, 1933, as respective holders of the several notes secured by the trust deed, filed their amended bill to foreclose. Among other allegations made by the bill, the complainants charged that Belle N. Horrom, at the time she made the trust deed, owned the title to the premises in fee simple.

The bill asked for the construction of certain covenants in two deeds, the first dated December 6, 1919, made by Daniel W. Horrom and Elizabeth Horrom, husband and wife, to their son, Daniel L. Horrom, as grantee, he then being alive, conveying the same premises against which foreclosure is sought. By the terms of this deed Daniel L. Horrom "agreed and covenanted" to pay $800 per annum to his parents, and the survivor of them, during the remainder of their lives. He died intestate March 1, 1921, leaving as his only heirs, his parents, his brother, Lyman T. Horrom, and his widow, Belle N. Horrom. The second deed made March 28, 1921, by Daniel W. Horrom and Elizabeth, his wife, and Lyman T. Horrom and his wife, purported to convey the same premises to Belle N. Horrom. This latter deed included an alleged reservation by the parents of $800 to be paid to them, and the survivor of them, annually, during the remainder of their lives, and also contained this statement: "This deed is expressly subject to a separate instrument and agreement of even date herewith, made between the grantors and grantee herein; in and by which said agreement the lands shall go after the death of the grantee to the grantor, Lyman T. Horrom, during the term of his natural life, and on his death to his child or children in accordance with said agreement."

The bill further alleged the subsequent death of Daniel W. Horrom; charged that the alleged covenants to pay the annuity of $800 were personal covenants of the grantees in the two deeds and did not run with the land; that by

the terms of the contract of March 28, 1921, Belle N. Horrom was empowered to mortgage the premises and that she was the fee simple owner thereof, and prayed for the construction of this contract. The complainants claimed priority of the lien of the trust deed over the annual payments due Elizabeth Horrom which, with arrearages, then amounted to about $3000, and also priority over all judgments against Belle N. Horrom.

In addition to the mortgagor, the amended bill made defendants thereto, among others, the judgment creditors of Belle N. Horrom, together with Elizabeth Horrom, Lyman T. Horrom and his wife and children. Elizabeth Horrom, Lyman T. Horrom and his wife and children answered the amended bill. In addition to joining issues on the debt, they denied the priority of the debt, the validity of the trust deed as a lien on the fee simple title of the premises; claimed that Elizabeth Horrom had a freehold life estate in the lands in question, and that Belle N. Horrom was to pay her $800, annually, for the use thereof; that by the separate agreement referred to in the deed of March 28, 1921, Belle N. Horrom agreed, either by deed or will, in consideration of the latter deed to her, to pass the title to the lands to Lyman T. Horrom for his life, with the remainder in fee to his children; that Lyman T. Horrom, under the deed last named, acquired a present, vested, life estate in the lands in question; that his children took under the same deed a present, vested interest in the fee; that Belle N. Horrom had only a life estate in the lands; that the lien of the trust deed could be foreclosed only against her life estate and that the judgments against Belle N. Horrom were liens only against her life estate. By agreement of the parties it was stipulated that this answer should stand as a cross-bill. Other answers were filed by different judgment creditors alleging priority of liens as between themselves, the lien of the trust deed and the payments due Elizabeth Horrom.

A decree of foreclosure was entered holding that Belle N. Horrom owned the fee simple title to the premises with the power to mortgage the same; that the provision as to the annual payment of $800 to Elizabeth Horrom was an equitable lien on the premises, superior to the lien of the trust deed and superior to the lien of the judgment creditors; that the lien of the judgment creditors was prior to the lien of the trust deed. From so much of the decree as adjudicated that the lien of the trust deed was inferior to the annual payments to Elizabeth Horrom and to the lien of the judgments against Belle N. Horrom, the appellants appealed directly to this court. Elizabeth Horrom, Lyman T. Horrom and his wife and children, appellees and cross-appellants here, have appealed from that portion of the decree which holds that Belle N. Horrom owned the fee simple title to the premises and had the power to mortgage the same.

None of the parties to the appeal and cross-appeal have suggested that this court is without jurisdiction in the premises. However, it is the duty of the court to protect its jurisdiction. Parties cannot, by consent or by the expression of their personal preference, confer jurisdiction of the subject matter of litigation on this court. (*National Bank of Republic* v. *168 Adams Building Corp.* 359 Ill. 27; *Prudential Ins. Co.* v. *Hoge,* 359 id. 36.) The general rule in a suit to foreclose a mortgage is that the parties cannot, by agreement or otherwise, inject into the proceeding, for adjudication, questions of title to the real estate involved, and such rule includes titles both adverse and paramount. *National Bank of Republic* v. *168 Adams Building Corp. supra; Prudential Ins. Co.* v. *Hoge, supra.*

The fact that, by the pleadings, some of the parties may have put in issue the title to the real estate covered by the trust deed, did not confer upon the circuit court trying the cause, jurisdiction to determine the title to such premises.

(*Prudential Ins. Co.* v. *Hoge, supra.*) A freehold is not properly involved in this proceeding.

It is ordered that this cause be transferred to the Appellate Court for the Second District.

*Cause transferred.*

Mr. CHIEF JUSTICE STONE took no part in this decision.

Mr. JUSTICE SHAW, specially concurring: I agree with the conclusion reached in this opinion but not in all that is said therein.