Arthur Korngabiel, Appellee, v. Custer L. Fish et al.,
Defendants, Clarence E. Spicer, Appellant. C. J.
Dunham, Appellee.

Gen. No. 9,723.

Opinion filed February 13, 1942. Re-
hearing denied March 25, 1942.

MARCH & ROSSITER, of Chicago, for appellant; BEN-
JAMIN F. MARCH, LYLE H. ROSSITER and W. D. SELLERS,
all of Chicago, of counsel.

RATHJE & WOODWARD, of Wheaton, and SCHWARTZ & FRIED, of Chicago, for appellee; BERNARD ALLEN FRIED, of Chicago, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

Arthur Korngabiel started a suit in the circuit court of Du Page county, against Custer L. Fish and others to foreclose a trust deed on property situated in Downers Grove, Du Page county, Illinois. On motion of the plaintiff, C. J. Dunham was appointed receiver and proceeded to collect the rents from the property described in the complaint, which is a dwelling house estimated to be of the value of $1,500. The original complaint alleged that Clarence E. Spicer claimed some interest in the property by virtue of tax deeds; that the exact interest was unknown to the plaintiff, but that they were subordinate to the rights of the plaintiff under his trust deed. Spicer appeared and filed a motion to dismiss paragraph 14, of the complaint, as being indefinite and not properly stating facts relative to his tax title. The motion was set for hearing on April 18, 1941. On that date the plaintiff, upon his own motion, dismissed the complaint as to Clarence E. Spicer, and all other tax deed holders.

On May 9, 1941, Clarence E. Spicer presented his petition alleging that he is the owner of the fee title to the property described in the complaint; that his title is separate and adverse to that of the mortgagors and their grantees; that he derived title from Henry M. Kenny in May 1938; that through mesne conveyances, this chain of title dated back to the county clerk's deed to Olive M. Schultz (Kenny's grantor) in October 1932. The petition further alleges that Schultz Tax and Title Service is Spicer's agent to manage and operate the real estate, and that this agent

leased the property to Edward Bunting in 1938, which tenant was in possession of the property at the time the complaint was filed. The petition also alleges that Spicer and his grantors have been in possession of the property continuously since the year 1932. Further allegation is made that C. J. Dunham was appointed receiver on December 6, 1940; that the tenant was not a party defendant to the complaint; that no notice for the appointment of a receiver was served upon either Spicer, or his agent, Schultz Tax and Title Service, and no summons has ever been served upon either of them; that the original summons issued in the case on November 26, 1940, was returned to the clerk of the court on March 11, 1941, and noted as never delivered to the sheriff; that Spicer was named as a defendant in the complaint, but upon plaintiff's motion, the complaint was dismissed as to this petitioner; that the receiver is in possession and collecting rents from the tenant, Edward Bunting; that the court has no jurisdiction of the property of this petitioner in an action to foreclose a mortgage and the receiver is therefore wrongfully withholding possession from petitioner.

The petitioner asks leave to file his petition instanter; that a rule be entered upon the plaintiff and the receiver to answer; that the receiver be ordered to file an account of his receipts; that the receiver pay the rents collected to petitioner; that the receiver be ordered to desist from further collection of the rents and to relinquish possession to petitioner. The petition is under oath.

The plaintiff resisted the application of Spicer to file this petition. On May 9, 1941, the case was argued before the court, but no evidence was heard. The defendants did not file any answer to appellant's petition. The order entered by the court is as follows: "On motion of March & Rossiter solicitors for Clarence E. Spicer for leave to file petition of Clarence E.

Spicer and this matter having been duly continued to this day and the court having heard arguments of counsel and now being fully advised in the premises, doth hereby order, That leave be and the same is hereby granted to said Clarence E. Spicer to file his petition instanter and upon hearing of further argument, It is further ordered that the prayer of said petition be and the same is hereby denied." It is from this order that Clarence E. Spicer has perfected an appeal to this court.

The appellee insists that the order appealed from is not a final order, or judgment and therefore not appealable. They have filed a motion in this court to dismiss the appeal. The motion was taken with the case. We think that the order was final, as to the rights of the appellant to intervene in the suit, and was therefore an appealable order. The motion to dismiss the appeal is denied.

The record shows that the appellant was made a defendant in the original foreclosure suit, and entered his motion to dismiss paragraph 14, of the complaint, as it did not state sufficient facts relative to his tax title. Before this motion was passed upon, the plaintiff dismissed the suit, as to appellant, and the other tax holders. It has been frequently held that a complainant retains the absolute control of a suit at discretion, and may dismiss it at any time before the decree is actually rendered, and where the purchaser at a tax sale is made a party defendant to a bill to foreclose a trust deed, the only decree which a court may render in his favor, is to order that the plaintiff pay the amount legally due him within a definite period, and in default of payment, that the bill be dismissed, as to said purchaser, and the plaintiff may dismiss the bill, as to him, either before, or after the decree, without affecting his rights. There is no question but that the plaintiff had the right to dismiss the suit, as to the tax title claimants.

It is insisted by the appellant that the court erred in not granting them relief under their petition. With this contention we cannot agree. It will be observed that this suit is to foreclose a trust deed. The appellant's claim is based entirely upon their tax title not obtained through the mortgagee or the mortgagor. In the case of the *Prudential Ins. Co. of America v. Hoge,* 359 Ill. 36, the Supreme Court has stated definitely who are the proper parties to a bill to foreclose a trust deed or mortgage, and use this language: ''The rule in Illinois is, that where a party does not claim title through or under either mortgagee or mortgagor he is neither a proper nor a necessary party to the foreclosure proceeding and should be dismissed from the suit.'' (*Gage v. Perry,* 93 Ill. 176.) In *Whitaker v. Irons,* 300 Ill. 254, we said: ''The only proper parties to a bill to foreclose a mortgage are the mortgagor and the mortgagee and those who acquired rights under them subsequent to the mortgage.''

The appellant and other tax title claimants were not proper parties to the suit. The court had no authority to adjudicate any of the rights of the parties, except the mortgagor and the mortgagee, or others claiming some right under one, or the other. Technically, it was an error for the court to permit the petition to be filed, but he found that the petitioner was not entitled to any relief under said petition. The appellant, in his first paragraph of his Brief and Argument states: ''This appeal is brought by the true owner of the real property involved, who seeks to have the possession of that property restored to him together with the recovery of the past rents wrongfully collected by the appellee.'' The appellant's statement shows that he was attempting to adjudicate his title in the foreclosure proceedings. This, he could not do.

We think the trial court properly found that the appellant was not entitled to any relief under his petition, and the order appealed from is hereby affirmed.

*Affirmed.*