Lorraine Norwood, Appellant, v. Jens Norwood and Sidney Dry, Conservator of Estate of Jens Norwood, Incompetent, Appellees.

Gen. No. 44,097.

470

Opinion filed February 17, 1948. Released for publication March 9, 1948.

VOGEL & BUNGE, of Chicago, for appellant; L. H. VOGEL, ROBERT C. VOGEL and FORREST S. BLUNK, all of Chicago, of counsel.

ISAAC B. LIPSON, of Chicago, for appellees.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

October 3, 1946, plaintiff filed her complaint against defendant for separate maintenance. Subsequently on November 29, 1946, an amended complaint for divorce was filed, alleging habitual drunkenness on the part of defendant. The amended complaint recited an agreement for property settlement, under the terms of which plaintiff was to receive $3,500 cash in lieu of alimony. Counsel entered their appearance for defendant but filed no answer. The parties then stipulated in writing that the cause be heard as a default matter on the

ground of habitual drunkenness, with an agreed property settlement in lieu of alimony, subject to the approval of the court. When the matter was heard on December 3, 1946, the court indicated that a decree for divorce in favor of plaintiff would be granted. However no decree was presented by plaintiff, and on December 27, 1946, defendant's counsel filed a petition, reciting the previous pleadings in the cause, the stipulation for property settlement and payment thereof, the hearing and the absence of a decree, and prayed for an order on plaintiff to present instanter a decree for divorce. December 30, 1946, plaintiff answered defendant's petition and filed a cross-petition. The answer averred that defendant's petition did not present a meritorious issue and was not supported by affidavit, as required by the rules; that it was not signed by the defendant or any of his authorized agents; that the petition was improper because defendant was at the time of the filing thereof mentally incompetent and incapable of making a petition or any decision in the matter; and that there was a property settlement but that the sum paid plaintiff was withdrawn from the joint accounts of the parties and represented funds belonging to her. The cross-petition alleged that plaintiff did not learn until after the hearing on December 3, 1946, that defendant was mentally and physically ill; that he did not want a divorce; that plaintiff was convinced on information received after the hearing that defendant's conduct was the result of his mental incompetence, rather than intemperate habits, as previously alleged in her complaint; that he had been removed by strangers from Michael Reese Hospital, where he was receiving medical care, to North Shore Sanitarium, without plaintiff's knowledge; and she prayed that the motion of defendant be denied and the case dismissed. Subsequent to the notice of appeal in this case Sidney Dry was appointed conservator of the estate of the defendant by the probate court of

Cook county and has been made a party to this appeal. At the same time that plaintiff filed her answer and cross-petition she also filed a petition for change of venue, alleging prejudice on the part of the trial judge. The court denied the motion for a change of venue, and after a hearing on the complaint, answer and cross-petition, denied plaintiff's motion to dismiss the case and entered a decree for divorce. Plaintiff appeals from the order denying her motion to dismiss her suit, from the order denying her motion for change of venue, and from the decree for divorce entered on motion of defendant's counsel.

Plaintiff has evidently abandoned the contention that the court improperly denied her motion for change of venue because the matter is not argued in her brief. The principal question therefore presented is whether she had the right to have her suit dismissed prior to the entry of a decree. Before the enactment of the Civil Practice Act (Ill. Rev. Stat. 1947, ch. 110 [Jones Ill. Stats. Ann. 104.001 *et seq.*]) it was held to be the settled rule in this State that a complainant had the right at any time before decree to dismiss his bill unless a cross-bill had been filed. *Schaller v. Huse,* 330 Ill. 345. Our practice in chancery followed the English chancery practice under which the complainant retained the absolute control of the suit and was allowed to dismiss it at his discretion at any time before decree had actually been entered. *Whitaker v. Irons,* 300 Ill. 254. Section 52 of the Civil Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 176; Jones Ill. Stats. Ann. 104.052] confirms this practice in cases where the motion is made at any time before trial, but provides that thereafter dismissal may be had only (1) upon filing a stipulation signed by defendant or (2) "on the order of the court or judge made on special motion in which the ground for such dismissal should be set forth and which shall be supported by affidavit." In this proceeding plaintiff complied with

the requirements of section 52 by filing her verified counter-petition to dismiss the suit, the grounds for which were clearly sufficient. She alleged that defendant was mentally incompetent; that knowledge of his incompetency came to her only after the hearing was had; that the misconduct of the defendant which was alleged to furnish the basis of her claim for relief appeared to be the result of mental derangement rather than intemperance; and she proved by uncontroverted evidence that, subsequent to the hearing, she had spoken to her husband while he was a patient at the North Shore Sanitarium and in the care of a private nurse, and had ascertained from him that he did not want a divorce and never had wanted one; that she did not know of her husband's insanity at the time of the trial nor when her amended complaint for divorce was filed, but had subsequently learned of his mental condition from the attending physician; and that as a result of these developments she decided that she did not want a divorce but believed that she should help defendant and care for him. As to the proceeds of the property settlement, she alleged that the sum received by her was money which she had before their marriage. Upon the showing made by her verified counter-petition, supported by the foregoing evidence, we think the court was not justified in refusing to dismiss the case and in entering the decree for divorce.

Under the policy of this State all efforts should be expended toward the maintenance of the marital relation rather than its destruction. In *Berlingieri v. Berlingieri*, 297 Ill. App. 119, it was held that in matters of divorce the State itself is always a party to the suit, and that the "public policy of the State does not favor divorce but, on the contrary, favors the maintaining of the family relation." Again, in *Labanauskas v. Labanauskas*, 228 Ill. App. 273, it was held that a complainant in divorce, in whose favor a decree had been entered upon default of the defendant, is entitled

to have the decree vacated and the bill dismissed, notwithstanding the default had been set aside on motion of defendant and an answer filed, where no cross-bill had been filed by defendant, and the status of the parties remained the same as before the entry of the decree. In that case the court said that "Public policy forbids that parties to a divorce suit should be kept in a state of hostile litigation when both are seeking to have it dismissed."

Among the various reasons assigned by defendant for affirming the decree, it is urged that since plaintiff had taken the benefit of the decree by accepting $3,500 paid to her in advance of the hearing, she should not be permitted to repudiate the decree in part. It is a sufficient answer in this case to point out that plaintiff alleged that the sum paid her under the agreement for property settlement was withdrawn from the joint accounts of the parties and represented funds belonging to her, and her uncontroverted evidence, adduced upon the hearing of the petition and answer thereto, confirmed this allegation.

It appears that pursuant to the hearing on the complaint for divorce the court indicated that a decree for divorce in favor of plaintiff would be granted, and defendant's counsel argue that for all practical purposes the word "Decree," pronounced by the court at the close of the evidence, is a final judgment. The rules of the superior court and the authorities do not support this contention. Superior court rule 60, section 3 requires that a decree be entered within ten days after the hearing in a divorce matter, and before the decree can be entered a transcript of evidence must be presented and approved by the court. In this instance no decree was presented to the court until more than three weeks had elapsed. The precise contention made by defendant was urged in *Paltzer v. Johnston,* 114 Ill. App. 493 (aff'd 213 Ill. 338). After the full hearing of the cross-bill in that case and three days after

the chancellor had announced orally his conclusions by saying, "Let a decree be prepared, dismissing the bill for want of equity," but before the formal entry of any decree, appellee moved to dismiss her cross-bill without prejudice. In that case counsel contended that the oral announcement and direction of the chancellor constituted and was a decree rendered and pronounced by the court; that it was such without any entry thereof by the clerk; that such entry was a ministerial act, and merely the evidence of the action of the court, and that appellant was not entitled to dismiss her bill without prejudice after the court had decided against her and given specific directions that it should be dismissed for want of equity. As against these contentions the court held: "Whatever the rule may be elsewhere, under our practice a decree is not regarded as rendered, and is not rendered until it has been entered or filed of record, and a complainant has the right at any time before such entry or filing, to dismiss his bill where no cross-bill has been filed."

Although it is sought to challenge plaintiff's motives in seeking to have her complaint dismissed, we think that upon the record she stands in good faith and that under the circumstances presented by her pleadings and evidence she should not be forced to submit to a divorce against her wishes.

For the reasons indicated the decree of the superior court is reversed and the cause remanded with directions to vacate the decree and dismiss the complaint.

*Decree reversed and cause remanded with directions.*

SCANLAN and SULLIVAN, JJ., concur.