GERALD E. DUNCAN *et al.*, Plaintiffs-Appellees, *vs.* CAROLE DAWN IRWIN *et al.*, Defendants-Appellants.

(No. 70-12; ▇▇▇▇▇▇▇▇▇

Fifth District—August 6, 1971.

Wiseman, Shaikiwitz, & McGivern, of Alton, for appellants.

Hillary H. Hallett and L. James Struif, both of East Alton, for appellees.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

Appeal from an Order by the trial court which stated:

"Petition to Revoke Adoption Consent and Custody of Child called for hearing. Evidence heard and petitioner rests her case.

The Court, after being fully advised, finds the issues raised by the Petition to Revoke Adoption Consent and Custody of Child in favor of the plaintiff and against the defendant, and finds there is no credible evidence to prove any allegations of fraud or duress being used on the petitioner, Carole Dawn Irwin. As to the allegations of payments made or promised to the petitioner, the Court finds the same, if made, by her own testimony in no way affected her decision to sign the consent. Petition to Revoke Adoption Consent and Custody of Child is denied at petitioner's costs."

Gerald E. Duncan and Ruby Duncan, the plaintiffs in this cause, filed their Petition for Adoption on September 25, 1969, wherein they prayed that the defendant, the natural mother, "be made defendant" to the petition and further, that the court "On final hearing of this petition, ORDER, ADVISE and DECREE that * * * [the child] to all legal intents and purposes, be the child of your petitioner * * *".

On the same day as the plaintiffs filed their petition there was also filed a "Consent to Adoption of a Minor Child" signed by Carole D. Irwin, the defendant herein.

Defendant was served with summons. The return, filed on October 7, 1969, indicated that the summons was served upon the defendant on September 26, 1969.

The defendant, on October 8, 1969, filed a "Petition to Revoke Adoption Consent and for Return of Custody of Child". The Court heard the petition to revoke on October 23, 1969, and took the matter under advisement until the following day when the Court entered the order above set forth and from which the defendant has brought this appeal.

Before we can go into the merits of this cause, it is necessary for us to first determine whether the trial court has entered an order from which the defendant may appeal.

■ There can be no question that all of the issues between the parties hereto have not been adjudicated. The court has not entered or refused to enter its final decree of adoption. Whether the order denying the revocation of consent is appealable is controlled by Supreme Court Rule 304 (Ill. Rev. Stat. 1969, ch. 110A, par. 304), entitled "Judgments as to Fewer Than All Parties or Issues".

For there to be an appeal when fewer than all issues are decided, it is a prerequisite that the trial court make "an express written finding that there is no just reason for delaying enforcement or appeal." Although this finding can be made by the court on its own motion or on the motion of a party no such finding is part of the record of this cause.

The Rule provides: "In the absence of such a finding, any judgment that adjudicates fewer than all the claims * * * is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights and liabilities of all the parties."

This Rule and the purposes for which it is intended are particularly appropriate to the present cause. The trial court must determine, after application by the plaintiffs herein and after a hearing, "that the adoption is for the welfare of the child and that there is a valid consent" before a decree of adoption may be granted. (Ill. Rev. Stat., ch. 4, par. 9.1—14.) Thus, the issue of the consent must be finally decided by the trial court before there is an appealable order. (*E. M. S. Co. v. Brandt,* (1968), 103 Ill.App.2d 445, 243 N.E.2d 695; *Alster v. Chicago Tastee-Freeze Corp.* (1965), 61 Ill.App.2d 163, 208 N.E.2d 878), but other issues must also be decided before a decree of adoption can be entered.

Appellants contend that under the holding in *Oppenheimer Bros., Inc. v. Joyce & Co.,* 17 Ill.App.2d 408, 150 N.E.2d 381, if the judgment is final as to part of the case that it is not necessary that the court specifically order that there is no just reason for delaying enforcement or appeal. The First District Appellate Court there held that the trial

court "must have determined that this order was final and that there was not just reason for delaying enforcement or appeal", even though the finding, as in the present case, did not appear in the order and the order did not dispose of all the parties or claims. There the court reached its conclusion because the order entered by the trial court directed the imposition of costs and master's fees on plaintiff and that execution issue therefor. As is pointed out in "Historical and Practice Notes", Ill. Anno. Stat., Ch. 110A, § 304 at page 588, "No other Appellate Court adopted the rule of the *Oppenheimer* case. In *American Savings & Accounting Supply, Inc. v. Steinhauer*, 41 Ill.App.2d 37, 190 N.E.2d 167 (1st Dist. 1963) it was indicated that *Oppenheimer* case will no longer be followed in the First District."

We do not consider other cases cited by appellant as controlling on the factual situation here present. This question of whether or not a final order is appealable has long been a troublesome one to reviewing courts in the State, as is evidenced by the numerous cases decided under the former section 50(2) of the Practice Act and under Supreme Court Rule 304 which was adopted to supplant that section, and it has been held that a Rule 304 finding does not make final and appealable a judgment which is not final or appealable absent the rule. (*Veach v. Great Atlantic & Pacific Tea Co.*, 22 Ill.App.2d 179, 159 N.E.2d 833.) By adoption of Rule 304 it was sought to emphasize that it is not the court's finding that makes the judgment final, but it is the court's finding that makes this kind of a final judgment appealable, but it did not change the law. The Rule was amended to be effective January 1, 1970, and while the language of the 1967 Rule was not changed a paragraph (b) was added listing several kinds of judgments and orders that have been appealable without the finding by the trial court. The 1970 rule was intended to be declaratory of then existing law (See Committee Comments, ch. 110A, § 304, Ill. Anno. Stat., p. 54, 1971 Cum. Ann. Pocket Part); an order ruling on the validity of the consent in an adoption proceeding is not included in the new paragraph (b) of the Rule.

We therefore determine that we are without jurisdiction to determine the appeal, and dismiss the appeal.

Appeal dismissed.

MORAN and JONES, JJ., concur.