MONTICELLO COLLEGE, Plaintiff-Appellee, *v.* WILLIAM J. SCOTT, Attorney General of the State of Illinois, Defendant-Appellee.—(MRS. THEODORE STILLMAN CHAPMAN, Petitioner for Leave to Intervene-Appellant.)

(No. 72-82; ▮▮▮▮▮▮▮

Fifth District—July 26, 1973.

John C. Russell, of Phelps, Russell & Kasten, of Carlinville, and Harold E. Stassen, of Stassen and Kostos, of Philadelphia, Pa., for appellant.

Hoagland, Maucker, Bernard & Almeter, of Alton, for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Madison County, denying appellant's petition for leave to intervene in an action

brought by Monticello College for a decree approving its plan to operate as a charitable foundation, known as the Monticello College Fund, and for a decree that the Monticello College Fund has authority to continue its corporate operations and to devote, apply, and use the net assets of Monticello College for the College Fund.

The first issue presented is whether the court's order denying the petition to intervene is a final appealable order. The court stated in its order denying leave to intervene:

> "Wherefore, it is ordered, adjudged and decreed by the Court that the Petition to Intervene and the Petition and Motion for Reconsideration, Rehearing and Renewal filed herein by Petitioner-Intervenor be, and they are hereby denied, and Petitioner-Intervenor's Answer is stricken."

Appellee cites Supreme Court Rule 304(a) (Ill. Rev. Stat., ch. 110A, sec. 304(a)) and its requirement for an express written finding that there is no just reason for delaying the enforcement or appeal, where multiple parties or multiple claims for relief are involved and where the judgment of which appeal is sought constituted a final judgment as to one or more, but fewer than all of the parties or claims. The appellant did not request the court below to enter the finding specified in the rule.

None of the cases cited by appellee have applied Rule 304(a) to an appeal from an order denying intervention. There are three Illinois cases which have held that an order denying intervention is a final order. (*Hartzell v. Hungate*, (1921), 223 Ill.App. 346; *Korngabiel v. Fish* (1942), 313 Ill.App. 286, 40 N.E.2d 314; *Strader v. Bd. of Educ.* (1953), 351 Ill.App. 438, 115 N.E.2d 539. See also Annot., 15 A.L.R.2d 340.) However, these cases do not refer to the requirements of Rule 304(a) or its predecessor (Ill. Rev. Stat. 1965, ch. 110, sec. 50(2)).

■■ However, there is one decision which has dealt with the issue before us. In *Board of Trustees of the University of Illinois v. Timpone* (1963), 28 Ill.2d 255, 190 N.E.2d 786, our supreme court considered the application of § 50(2) to an order denying intervention. In that case the Board of Trustees have filed eminent domain proceedings and the defendant had filed a cross petition for damages to an adjoining piece of property. The corporate tenant of the adjoining property filed a petition for leave to intervene. On appeal from the court's order denying the cross petition and the petition to intervene, the court dismissed the appeal, due to the absence of the court's express finding that there was no just reason for delaying and enforcement or appeal.

The court reviewed the policies underlying § 50(2) and held, at 788:

> "Section 50(2) applies in letter and spirit to both of the orders

now before us, and they are not appealable in the absence of the requisite finding.

\* \* \*

In the absence of the statutory finding, the trial court's denial remains subject to revision until all claims are adjudicated."

Even though the application of Rule 304(a) to eminent domain has been changed by the 1969 addition of Rule 307(a)(7), the reasoning of the *Timpone* case is applicable to the present case, and the trial court's order is not appealable without the required finding.

Even though this case appears similar to the proceedings described in Rule 304(b)(2), the trial court made clear that it did not adjudicate any rights of persons who might assert an interest in the funds held by Monticello College. It's order specifically found:

"2. That the Plaintiff in this cause is not seeking an adjudication of the rights of any persons who may assert a special interest in the funds now being held by the Plaintiff, other than the interest of the public and the interest of donors arising from. unrestricted contributions to Monticello College.

3. That Plaintiff is seeking Court approval of its plan to operate as a charitable foundation and any Order so entered will not adjudicate or adversely affect the rights of any person who may assert a special interest in the funds now being held by Plaintiff, other than the interest of the public and the interest of donors arising from unrestricted contributions to Monticello College.

\* \* \*

8. That the foregoing findings of facts are not intended to adjudicate the rights of those persons who may in the future in separate actions assert an express gift over or possibility of reverter in and to the assets of Monticello College presently being held by the Trustees of said College"

■■ Therefore, since the trial court did not enter the finding required by Rule 304(a), the order is not appealable. And the finding will not be implied where it is not expressed. *Duncan v. Irwin* (1971), 1 Ill.App.3d 3, 272 N.E.2d 407.

If the subject matter of this appeal were to be properly presented for review by this court at a later day, the abstracts and briefs now on file could be employed in that appeal without reprinting.

Appeal dismissed.

JONES and CREBS, JJ., concur.